COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
James A. Beldner
Lesley A. Kroupa

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                          :

In re                                   :       Chapter 11
                                          :

LEHR CONSTRUCTION CORP.,         :
                                          :       Case No. 11-10723 (SHL)

               Debtor.                  :
                                          :
                                          :
------------------------------------------------------------- x

**NOTICE OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER**
**BANKRUPTCY CODE SECTIONS 327, 328 AND 330**
**AUTHORIZING RETENTION AND EMPLOYMENT OF**
**ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP AS FINANCIAL ADVISOR**
**TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

      **PLEASE TAKE NOTICE** that a hearing on the motion (the "Motion")[1] dated March 2,

2011 of the debtor and debtor in possession (the "Debtor"), for an order under sections 327, 328

and 330 of chapter 11 of title 11 of the United States Code authorizing the retention and

employment of Rosen Seymour Shapss Martin & Company LLP as financial advisor to the

---

[1] A copy of the Motion may be obtained at the Debtor's website: http://www.omnimgt.com/sblite/lehr

Debtor *nunc pro tunc* to February 21, 2011, and certain related relief, all as more fully set forth in the Motion, shall be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, on **March 23, 2011 at 11:00 a.m. (Prevailing Eastern Time)** (the "Hearing Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system and (b) by all other parties in interest, on a 3.5 inch disk, compact disc, or flash drive, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers of the Honorable Sean H. Lane) and served upon: (i) the Debtor, Lehr Construction Corp. (Attn: Frederick Coffey); (ii) attorneys to the Debtor, Cooley LLP (Attn: James A. Beldner, Esq.); and (iii) the Office of the United States Trustee for the Southern District of New York (Attn: Susan Golden, Esq.), in each case so as **to be received** no later than 4:00 p.m. on March 18, 2011 **(Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: March 2, 2011
      New York, New York

By:    /s/ James A. Beldner
       James A. Beldner

       COOLEY LLP
       1114 Avenue of the Americas
       New York, New York 10036
       Telephone: (212) 479-6000
       Facsimile: (212) 479-6275
       Lawrence C. Gottlieb
       James A. Beldner
       Lesley A. Kroupa

       *Proposed Attorneys for Debtor and Debtor in Possession*

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
James A. Beldner
Lesley A. Kroupa

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                :
**In re**                          :    **Chapter 11**
                                  :
**LEHR CONSTRUCTION CORP.,**   :
                                  :    **Case No. 11-10723 (SHL)**
               **Debtor.**        :
                                  :
------------------------------------------------------------ x

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER**
**BANKRUPTCY CODE SECTIONS 327, 328 AND 330**
**AUTHORIZING RETENTION AND EMPLOYMENT OF**
**ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP AS FINANCIAL ADVISOR**
**TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE SEAN H. LANE:

      The debtor and debtor in possession in the above-captioned case (the "Debtor")[1] hereby

applies (the "Application") for entry of an order under sections 327(a), 328(a) and 330 of title 11

of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

(the "Local Rules"), (i) authorizing the Debtor to retain and employ Rosen Seymour Shapss

Martin & Company LLP ("RSSM") as financial advisor to the Debtor, effective as of the

---

[1] The last four digits of the Debtor's federal tax identification number are 3507.

Petition Date (as defined herein), (ii) approving the terms and conditions under which RSSM will be retained and compensated effective as of the Petition Date, and (iii) granting related relief. In support of this Application, the Debtor relies upon the Declaration of Robert Alan Modansky, CPA, CFF (the "Modansky Declaration"), attached hereto as **Exhibit A**. In further support of this Application, the Debtor respectfully states as follows:

## BACKGROUND

### General

1.      On February 21, 2011 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under the Bankruptcy Code.  The Debtor is authorized to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

### The Debtor's Businesses

2.      Lehr Construction Corp., a New York corporation, was founded in 1979 and has evolved from a small entrepreneurial business to one of the most respected builders in New York.  Lehr specializes in interior construction and serves clients mainly throughout the New York metropolitan area.  Lehr serves as construction manager and/or general contractor for its clients and Lehr's construction professionals work closely with their in-house estimating, purchasing, quality control and value engineering professionals to ensure projects are completed on schedule, within budget, and with impeccable quality.

3.      Lehr's projects range from minor renovations to interior office build-outs over a million square feet.  Lehr's broad range of clients include retail stores, financial service firms, educational organizations, entertainment and media firms, and many others.

2

4.	The Debtor's headquarters is located in New York, New York and it has a warehouse facility in Woodhaven, New York.  The Debtor's primary assets include contract rights and accounts receivable for its on-going and completed projects.

## JURISDICTION

5.	This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.	By this Application, the Debtor respectfully requests entry of an order, pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014, (i) authorizing the Debtor to retain and employ RSSM as financial advisor to the Debtor effective as of the Petition Date, (ii) approving, effective as of the Petition Date, the terms and conditions contained in that certain letter agreement dated March 2, 2011 (the "Engagement Agreement"), under which RSSM will be retained and compensated at the expense of the Debtor's estate, and (iii) granting related relief.  A copy of the Engagement Agreement is annexed as **Exhibit B**.[2]

## BASIS FOR RELIEF REQUESTED

7.	Under section 327 of the Bankruptcy Code, a debtor in possession may employ one or more professionals, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to assist the debtor-in-possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a).  Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code a professional may be employed

---

[2]	Any statements contained herein concerning the terms and conditions of the Engagement Agreement are qualified entirely by reference to the Engagement Agreement. In the event of a conflict between this Application and the Engagement Agreement, the Engagement Agreement shall control.

"on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

8.      Bankruptcy Rule 2014 requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

9.      By this Application, the Debtor requests that the Court approve the employment and compensation arrangements described in the Engagement Agreement pursuant to sections 327 and 328 of the Bankruptcy Code, with fees and expenses incurred subject to review for reasonableness under section 330 of the Bankruptcy Code. The employment arrangements contained in the Engagement Agreement are beneficial to the Debtor's estates and the compensation arrangements provide certainty and proper inducement for RSSM to act expeditiously and prudently with respect to the matters for which it will be employed.

### Necessity

10.     The Debtor engaged RSSM as its financial advisor under the Engagement Agreement to, among other things, assist the Debtor (i) in the preparation of necessary schedules, budgets and court related reporting, (ii) with Court required records retention processes, (iii) in the preparation of a bankruptcy wind-down plan, and (iv) with other agreed upon tasks as required by the Debtor. In sum, pursuant to the Engagement Agreement, the Debtor has engaged RSSM as its financial advisor to provide financial advisory services in connection with the

Debtor's bankruptcy case and related financial matters as to which the Debtor and RSSM may agree in writing during the term of this Engagement Agreement.

11.     The Debtor seeks to retain RSSM to act as the Debtor's financial advisor because RSSM has substantial knowledge of the Debtor's financial and its operational condition, which further enable RSSM to advise and perform its services under the Engagement Agreement post-petition. As a result, the Debtor believes that RSSM is well qualified to perform these services and represent the Debtor's interests in its Chapter 11 case.

12.     It is necessary that the Debtor employ RSSM to render the foregoing professional services given the additional demands on the Debtor's employees' time due to fulfilling various obligations in connection with this Chapter 11 case. The Debtor believes that the services will not duplicate the services that other professionals will be providing the Debtor in this case.

### a.  RSSM's Qualifications

13.     Established in 1956, RSSM has advised companies and creditors in numerous distressed situations, both in and out of bankruptcy proceedings. RSSM has participated in many restructurings and liquidations for its clients including Jesup & Lamont Chapter 11, Rock & Republic Chapter 11, and MST Acquisition LLC (peaceful foreclosure on assets by bond holder with out of court restructuring).  RSSM has a wealth of experience of providing services in Chapter 11 cases and has an excellent reputation as a result of many years of quality services it has rendered on behalf of debtors throughout the New York metropolitan area.

### b.  Services to be Provided by RSSM

14.     The parties have entered into the Engagement Agreement, which governs the relationship between RSSM and the Debtor. The terms and conditions of the Engagement Agreement were negotiated, and reflect the parties' mutual agreement as to the substantial efforts

that will be required in this engagement. To date, RSSM has provided, and/or will provide on an

on going-forward basis upon the Court's approval of this Application, the following services:

(a) Assist in the development of the Debtor's Chapter 11 wind-down plan;

(b) Assist with the preparation of necessary schedules, budgets and court related reporting;

(c) Analyze various wind-down scenarios and potential impact of these scenarios on the recoveries of those stakeholders impacted by the wind-down of the Debtor's operations;

(d) Participate in negotiation among the Debtor and its creditors, suppliers, landlords and other parties in interest;

(e) Provide expert witness testimony concerning and of the subjects encompassed by RSSM's services;

(f) Assist the Debtor in preparing marketing materials in conjunction with the sale or liquidation of the Debtor's assets; and

(g) Provide such other advisory services as customarily provided in connection with these proceedings under Chapter 11 of the Bankruptcy Code.

**c. <u>Disclosure Concerning Conflicts of Interest</u>**

15. To the best of the Debtor's knowledge, information and belief, and based entirely

and in reliance upon the Modansky Declaration: (a) RSSM is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code and as required by section 327(a) of the

Bankruptcy Code and referenced by section 328 of the Bankruptcy Code, and holds no interest

materially adverse to the Debtor, its creditors, and shareholders for the matters for which RSSM

is to be employed; and (b) RSSM has no connection to the Debtor, its creditors, shareholders or

related parties herein except as disclosed in the Modansky Declaration. Moreover, the retention

and employment of RSSM is necessary and in the best interests of the Debtor, its estate, creditors

and equity interest holders.

6

16.     Also to the best of the Debtor's knowledge, information and belief, and based entirely and in reliance upon the Modansky Declaration: (i) to the best of Robert Modansky's knowledge, information and belief, none of RSSM's past or current engagements would or does appear to create an interest materially adverse to the interests of the Debtor, creditors, or equity security holders in this case and, as such the Debtor believes that RSSM is disinterested and holds no materially adverse interest as to the matters upon which they are to be retained; and (ii) to the extent RSSM discovers any facts bearing on the matters described herein during the period of RSSM's retention, it will supplement the information contained in the Modansky Declaration.

### Compensation

17.     As set forth in the Engagement Agreement, the Debtor and RSSM agreed to the following terms of compensation:

(a)     Hourly Fees: RSSM's fees are based on the hours charged at its hourly rates ("Hourly Rates"), which currently are:

| | |
|---|---|
| Partner | $500.00 |
| Principal | $400.00 |
| Manager | $300.00 - $375.00 |
| Senior accountants | $200.00 - $275.00 |
| Staff accountant | $125.00 - $200.00 |
| Administrative | $100.00 |

(b)     Cash Expenses:  In addition to the other fees provided for within the Engagement Agreement, the Debtor shall pay directly or reimburse RSSM for all reasonable out-of-pocket expenses incurred in connection with its assignments under the Engagement Agreement, such as travel, lodging, postage, telephone, courier services, copying, conferences calls, and facsimile charges. The Debtor will also pay for all legal requirements and actions regarding the bankruptcy case. All such billings will be in accordance with standard Bankruptcy Court practices.

18.     The fees described above are consistent with RSSM's normal and customary billing practices for cases of this size and complexity, which requires the level and scope of services outlined in the Engagement Agreement.

7

19.     The Debtor believes that the fee arrangements set forth in the Engagement Agreement are reasonable under the standards set forth in section 330 of the Bankruptcy Code.

20.     Pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, RSSM will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses as a professional person pursuant to, and subject to the standard of review of, Section 330 of the Bankruptcy Code, the Bankruptcy Rules and applicable local rules and orders and not subject to any other standard of review under section 330 of the Bankruptcy Code.

## **Indemnification and Contribution Provisions**

21.     As set forth more fully in the Engagement Agreement, subject to the Court's approval after the filing of fee applications(s) on notice to the U.S. Trustee, the Debtor agreed to indemnify, hold harmless and defend RSSM against claims, liabilities, losses, damages and reasonable expenses, including reasonable legal fees, relating to or arising out of the engagement of RSSM by the Debtor except for any such losses, claims, damages or liabilities due to the gross negligence, willful misconduct, breach of fiduciary duty, bad faith and, self-dealing of RSSM.

## **NOTICE**

22.     The Debtor has served notice of this Motion on: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims, and (iii) all parties that have timely filed requests for notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

23.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, filed herewith, (i) authorizing the Debtor to retain and employ RSSM as financial advisor to the Debtor *nunc pro tunc* to the Petition Date, (ii) approving the terms and conditions contained in the Engagement Agreement *nunc pro tunc* and (iii) granting related relief.

Dated: March 2, 2011
New York, New York

By: /s/ Frederick Coffey
Name: Frederick Coffey
Title: President

1703768 v1/NY

# **EXHIBIT A**

Modansky Declaration

[See Attached]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
LEHR CONSTRUCTION CORP.,                                     :
                                                             :    Case No. 11-10723 (SHL)
            Debtor.                                          :
                                                             :
------------------------------------------------------------ x
```

**AFFIDAVIT OF ROBERT ALAN MODANSKY, CPA, CFF IN SUPPORT OF
DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER UNDER
BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING
RETENTION AND EMPLOYMENT OF
ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP AS FINANCIAL ADVISOR
TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, Robert Alan Modansky, hereby declare under penalty of perjury as follows:

1.        I am a partner of Rosen Seymour Shapss Martin & Company LLP ("RSSM") a financial advisory firm that specializes in accounting and consulting services and maintains offices at 757 Third Avenue, New York, New York. I have read the *Application for an Order pursuant to Sections 327(a), 328 and 330 of the Bankruptcy Code authorizing the employment of RSSM as financial advisors to the Debtor*, executed by Frederick Coffey on behalf of Lehr Construction Corp., the above captioned debtor and debtor in possession (the "Debtor"), and submit this affidavit in support thereof.

### RSSM's Qualifications

2.        RSSM is recognized for its expertise in providing financial advisory services in financially distressed situations, including advising debtors, creditors and other constituents in Chapter 11 proceedings.

3.        I have considerable expertise with Chapter 11 restructuring, asset liquidation,

sale of distressed assets, and other distressed company circumstances, advising both debtors and creditors. Construction related assignments in which RSSM and I have been actively involved include, among others, MST Acquisition LLC, a provider of internet and cable services and infrastructure.

4.     My duties as the partner with respect to RSSM's engagement to represent the Debtor include, among other things, strategic advice, participation in negotiations among the Debtor and its creditors, suppliers, and other parties in interest, assistance to the Debtor in reviewing the terms and conditions of the wind-down of the Debtor's operations, advice and assistance regarding the Debtor's completion of its outstanding construction obligations.

5.     RSSM has rendered financial advisory services to the Debtor since 1986. RSSM has become familiar with the Debtor's operations and is well qualified to advise the Debtor in connection with this Chapter 11 case in a cost-effective and efficient manner.

**Disinterestedness of Professionals**

6.     Based on the results of the conflict search conducted to date by RSSM's compliance department, as described more fully below, and based on my understanding of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and the practice being followed in other Chapter 11 cases, to the best of my knowledge, neither I, RSSM, nor any member or employee thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or other parties in interest (as reasonably known to us), its attorneys, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, except as disclosed or otherwise described herein.

7.     To the best of my knowledge, RSSM is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the

Bankruptcy Code.

8.      As part of its diverse practice, RSSM appears in numerous cases, proceedings, and transactions involving many different attorneys, accountants, investment bankers, and financial consultants, some of which may represent claimants and parties-in-interest in the chapter 11 case. Further, RSSM or companies in which it has investments has in the past, and may in the future, be represented by several attorneys and law firms in the legal community, some of whom may be involved in this proceedings. In addition, RSSM has in the past and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor or this Chapter 11 case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtor herein in matters upon which RSSM is to be employed.

9.      RSSM has represented, and will in the future represent, many different clients with various business interests in numerous industries. These clients are often referred to RSSM by intermediaries such as lawyers, investment bankers, lenders and accountants.

10.      RSSM has undertaken a thorough review of its computerized database that contains the names of the clients and other parties of interest with respect to certain matters. RSSM has run the following parties through its conflicts system: a) the Debtor; b) the Debtor's current officers and directors; and, c) the Debtor's forty (40) largest unsecured creditors. RSSM's investigation has not revealed any actual or potential conflict of interest with respect to RSSM's proposed representation of the Debtor except for US Information Systems, which is a client of our Kahn Hoffman & Hochman division (located in Rockland County, New York that was acquired in a merger effective as of January 1, 2011).

11.     RSSM agrees to update the disclosure information from time to time, if and when additional parties with an interest in or a relationship with the Debtor are identified by the Debtor, in writing, to RSSM.

12.     RSSM is confident that: a) it does not represent, and will not represent any parties-in-interest in connection with this Chapter 11 case; and b) any relationship it may have with any party-in-interest will not interfere with or impair RSSM's representation of the Debtor in this Chapter 11 case. If this Court approves the proposed employment of RSSM by the Debtor, RSSM will not accept any engagement or perform any services for any entity or person other than the Debtor in this situation.

**Professional Services to be Rendered and Compensation.**

13.     The parties have entered into an agreement that would govern the relationship between RSSM and the Debtor, a copy of which is attached as "Exhibit B" to Application (the "Engagement Agreement"). RSSM has provided, and/or will provide the financial advisory services (the "Financial Advisory Services") as RSSM and the Debtor  shall deem appropriate and feasible in order to advise the Debtor in the course of the Chapter 11 case, including, but not limited to the following:

(a)     Assist in the development of the Debtor's Chapter 11 wind-down plan;

(b)     Assist with the preparation of necessary schedules, budgets and court related reporting;

(c)     Analyze various wind-down scenarios and potential impact of these scenarios on the recoveries of those stakeholders impacted by the wind-down of the Debtor's operations;

(d)     Participate in negotiation among the Debtor and its creditors, suppliers, landlords and other parties in interest;

(e)     Provide expert witness testimony concerning and of the subjects encompassed by RSSM's services;

4

(f)     Assist the Debtor in preparing marketing materials in conjunction with the sale or liquidation of the Debtor's assets; and

(g)     Provide such other advisory services as customarily provided in connection with these proceedings under Chapter 11 of the Bankruptcy Code.

14.     The Financial Advisory Services that RSSM will provide to the Debtor are necessary to enable the Debtor to maximize the value of its estate in connection with the wind-down of its operations.

15.     Per the Engagement Agreement, RSSM's hourly rates for its services will be based upon the time devoted on the Debtor's behalf and the experience of those providing the services. RSSM will bill at standard hourly rates as follows:

| | |
|---|---|
| Partner | $500.00 |
| Principals | $400.00 |
| Manager | $300.00 - $375.00 |
| Senior accountant | $200.00 - $275.00 |
| Staff accountant | $125.00 - $200.00 |
| Administrative | $100.00 |

16.     In addition to the above fees, the Debtor shall further reimburse RSSM, pursuant to the Engagement Agreement for all of its reasonable out of pocket expenses incurred in connection with this engagement, such as travel, lodging, postage, telephone courier services, copying, conference calls and facsimile charges, all legal expenses associated with RSSM's retention and approval by the Court, and all other legal requirements and actions regarding the Debtor's bankruptcy case. All such billings will be in accordance with standard Bankruptcy Court practices.

17.     The fees described above are consistent with RSSM's normal and customary billing practices for cases of this size and complexity, which require the level and scope of services outlined in the Engagement Agreement.

1703768 v1/NY

18.     RSSM has provided certain financial advisory services to the Debtor since 1986 and has been paid for those services. Prior to the Petition Date, RSSM was paid a total of $249,423.00 for services provided in the year prior to the Petition Date. RSSM did not receive a retainer for post-petition services

19.     I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and RSSM will comply with them, subject to Orders of this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2011        **ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP**

By: /s/     Robert Alan Modansky
Name:    Robert Alan Modansky
Title:     Partner

# **EXHIBIT B**

Engagement Letter

[See Attached]

 **ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP**
*Certified Public Accountants & Profitability Consultants*



March 2, 2011

Mr. Frederick Coffey
902 Broadway
New York, NY 10010

Via email: fred.coffey@lehrcc.com

> Re: Lehr Construction Corp.
> Debtor Chapter 11
> Case No. 11-10723 (SHL)

Dear Mr. Coffey:

This letter will confirm our discussions and the engagement of our firm to assist you in your representation of Lehr Construction Corp. in connection with the above-referenced action pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

To date, Rosen Seymour Shapss Martin & Company LLP ("RSSM") has provided, and/or will provide on a going-forward basis upon the court's approval of this Application, the following services:

(a) Assist in the development of the Debtor's Chapter 11 wind-down plan;

(b) Assist with the preparation of necessary schedules, budgets and court related reporting;

(c) Analyze various wind-down scenarios and potential impact of these scenarios on the recoveries of those stakeholders impacted by the wind-down of the Debtor's operations;

(d) Participate in negotiation among the Debtor and its creditors, suppliers, landlords and other parties in interest;

(e) Provide expert witness testimony concerning and of the subjects encompassed by RSSM's services;

(f) Assist the Debtor in preparing marketing materials in conjunction with the sale or liquidation of the Debtor's assets;

(g) Provide such other advisory services as customarily provided in connection with these proceedings under Chapter 11 of the Bankruptcy Code;

(h) Prepare the Company's federal, state and local income tax returns;

(i) Audit the annual financial statements for the year ended July 31, 2011 in accordance with auditing standards generally accepted in the United States of America; and

757 THIRD AVENUE, NEW YORK, NY 10017-2049 ❖ TEL. (212) 303-1800 ❖ FAX (212) 755-5600 ❖ www.rssmcpa.com    
*Member of the Center for Audit Quality, an Affiliate of the American Institute of Certified Public Accountants ("AICPA")*
*Member of the AICPA Employee Benefit Plan Audit Quality Center*



(j)   Review the interim financial statements for the six months ended January 31, 2011 in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

The obligation for payment of our fees is the direct responsibility of Lehr Construction Corp.

Our fees will be billed monthly. Monthly compensation of fees will be at 80% (20% holdback). We will apply to the Bankruptcy Court for the interim and final allowance of compensation and reimbursement of expenses in accordance with any orders entered by the Bankruptcy Court related to this engagement.

Any controversy, claim, or counterclaim arising out of or relating to this contract, the breach thereof, or the services performed by Rosen Seymour Shapss Martin & Company LLP ("RSSM") shall be settled by the Bankruptcy Court.

The work will be performed by either me or a member of our staff who has the appropriate experience to perform this work. Our billing rates are from $500.00 to $100.00 depending upon the experience level of the staff member. Robert Modansky will be the engagement partner for this matter and his billing rate will be $500.00 per hour.

If this is in accordance with your understanding and meets with your approval, please sign and date one copy of this letter in the space provided. We requested that your client also sign an acknowledgment copy of this letter. One copy should be retained for your files.

Very truly yours,

ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP

By: _Robert A. Modansky_____
       Robert A. Modansky, Partner, CPA, CFF

ACCEPTANCE:

The services described in this letter are in accordance with our requirements and are acceptable to my client and myself.

Lehr Construction Corp.

_____          3/2/11_____
Frederick Coffey                              Date
President

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                                               :
In re                                                          :     Chapter 11
                                                               :
LEHR CONSTRUCTION CORP.,                                       :
                                                               :     Case No. 11-10723 (SHL)
                   Debtor.                                     :
                                                               :
------------------------------------------------------------- x
```

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327, 328 AND 330 AUTHORIZING RETENTION AND EMPLOYMENT OF ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP AS FINANCIAL ADVISOR TO THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application") of Lehr Construction Corp., as debtor and debtor-in-possession in the above-captioned case (the "Debtor") dated March 2, 2011, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Debtor to retain and employ Rosen Seymour Shapss Martin & Company LLP ("RSSM") as financial advisor to the Debtor, (ii) approving the terms and conditions of the engagement letter (the "Engagement Letter") and (iii) granting related relief; and upon the Affidavit of Robert Alan Modansky, CPA, CFF in support of Debtor's Application for Entry of an Order Under 11 U.S.C. §§ 327, 328 and 330 Authorizing Retention and Employment of RSSM as Financial Advisor to the Debtor, attached as Exhibit A to the Application (the "Modansky Affidavit"); and the Court being satisfied, based on the representations made in the Application and the Modansky Affidavit, that RSSM does not hold or represent an interest adverse to the Debtor's estate and is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified in Section 1107(b) of the Bankruptcy Code, and that the employment of RSSM and would be in the best interests of the Debtor, its creditors and

estate; and the Court being satisfied that the terms of compensation being sought by RSSM as described in the Engagement Letter attached hereto as **Exhibit A**, are reasonable; and after due deliberation and sufficient cause appearing thereof, IT IS HEREBY

ORDERED, that the Debtor is authorized, *nunc pro tunc* to the Petition Date, to employ and retain RSSM on the terms set forth in the Engagement Letter (as limited herein); and it is further

ORDERED, that all compensation and reimbursement of expenses to be paid to RSSM, shall be subject to prior approval of this Court in accordance with the requirements under §§ 330 and 331 of the Bankruptcy Code and any order of this Court which establishes procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that the United States Trustee retains all rights to object to RSSM's interim and final fee application (including expense reimbursement) on all grounds including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

ORDERED, that all requests of RSSM for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure the payment of such indemnity conforms to the terms of the Engagement Letter and this Order and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall RSSM be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall RSSM be indemnified if the Debtor or a representative

of the estate, asserts a claim for, and a court determines by final order that such claim arose out of, RSSM's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED, that in the event that RSSM seeks reimbursement for attorneys' fees from the Debtor pursuant to the Engagement Letter, the invoices and the supporting time records from such attorneys shall be included in RSSM's own applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code, and it is further

ORDERED, that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED, that the Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order, and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2011

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

Engagement Letter

[See Attached]

 **ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP**
*Certified Public Accountants & Profitability Consultants*



March 2, 2011

Mr. Frederick Coffey
902 Broadway
New York, NY 10010

Via email: fred.coffey@lehrcc.com

       Re: Lehr Construction Corp.
          Debtor Chapter 11
          Case No. 11-10723 (SHL)

Dear Mr. Coffey:

This letter will confirm our discussions and the engagement of our firm to assist you in your representation of Lehr Construction Corp. in connection with the above-referenced action pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

To date, Rosen Seymour Shapss Martin & Company LLP ("RSSM") has provided, and/or will provide on a going-forward basis upon the court's approval of this Application, the following services:

(a) Assist in the development of the Debtor's Chapter 11 wind-down plan;

(b) Assist with the preparation of necessary schedules, budgets and court related reporting;

(c) Analyze various wind-down scenarios and potential impact of these scenarios on the recoveries of those stakeholders impacted by the wind-down of the Debtor's operations;

(d) Participate in negotiation among the Debtor and its creditors, suppliers, landlords and other parties in interest;

(e) Provide expert witness testimony concerning and of the subjects encompassed by RSSM's services;

(f) Assist the Debtor in preparing marketing materials in conjunction with the sale or liquidation of the Debtor's assets;

(g) Provide such other advisory services as customarily provided in connection with these proceedings under Chapter 11 of the Bankruptcy Code;

(h) Prepare the Company's federal, state and local income tax returns;

(i) Audit the annual financial statements for the year ended July 31, 2011 in accordance with auditing standards generally accepted in the United States of America; and

757 THIRD AVENUE, NEW YORK, NY 10017-2049 ❖ TEL. (212) 303-1800 ❖ FAX (212) 755-5600 ❖ www.rssmcpa.com 
*Member of the Center for Audit Quality, an Affiliate of the American Institute of Certified Public Accountants ("AICPA")*
*Member of the AICPA Employee Benefit Plan Audit Quality Center*



(j)    Review the interim financial statements for the six months ended January 31, 2011 in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

The obligation for payment of our fees is the direct responsibility of Lehr Construction Corp.

Our fees will be billed monthly. Monthly compensation of fees will be at 80% (20% holdback). We will apply to the Bankruptcy Court for the interim and final allowance of compensation and reimbursement of expenses in accordance with any orders entered by the Bankruptcy Court related to this engagement.

Any controversy, claim, or counterclaim arising out of or relating to this contract, the breach thereof, or the services performed by Rosen Seymour Shapss Martin & Company LLP ("RSSM") shall be settled by the Bankruptcy Court.

The work will be performed by either me or a member of our staff who has the appropriate experience to perform this work. Our billing rates are from $500.00 to $100.00 depending upon the experience level of the staff member. Robert Modansky will be the engagement partner for this matter and his billing rate will be $500.00 per hour.

If this is in accordance with your understanding and meets with your approval, please sign and date one copy of this letter in the space provided. We requested that your client also sign an acknowledgment copy of this letter. One copy should be retained for your files.

Very truly yours,

ROSEN SEYMOUR SHAPSS MARTIN & COMPANY LLP

By: _____
Robert A. Modansky, Partner, CPA, CFF

ACCEPTANCE:

The services described in this letter are in accordance with our requirements and are acceptable to my client and myself.

Lehr Construction Corp.

_____     3/2/11
Frederick Coffey                           Date
President