COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
James A. Beldner
Lesley A. Kroupa

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------- x
                                          :
In re                                     :      Chapter 11
                                          :
LEHR CONSTRUCTION CORP.,                  :
                                          :      Case No. 11-10723 (SHL)
              Debtor.                     :
                                          :
                                          :
-------------------------------------------------------------- x
```

**NOTICE OF DEBTOR'S APPLICATION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 327(A) AND 328 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF COOLEY LLP AS ATTORNEYS FOR DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that Lehr Construction Corp., the debtor and debtor in possession (the "Debtor"), has requested that a hearing on the above referenced motion (the "Motion") dated March 7, 2011 for an order authorizing the employment and retention of Cooley LLP as attorneys for the Debtor *nunc pro tunc* to February 21, 2011, and certain related relief, all as more fully set forth in the Motion, be held on shortened notice before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 621 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York,

New York 10004, on **March 23, 2011 at 11:00 a.m. (Prevailing Eastern Time)** (the "Proposed Hearing Date"). **If the Court does not grant the Debtor's request for the Motion to be heard on the Proposed Hearing Date, a hearing date will be determined by the Court and notice of such hearing date will be served by the Debtor on all necessary parties as described in the Motion.**

**PLEASE TAKE FURTHER NOTICE** that the Debtor has also requested that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system and (b) by all other parties in interest on a 3.5 inch disk, compact disc, or flash drive, preferably in WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers of the Honorable Sean H. Lane) and served upon: (i) the Debtor, Lehr Construction Corp. (Attn: Frederick Coffey); (ii) attorneys to the Debtor, Cooley LLP (Attn: James A. Beldner, Esq.); and (iii) the Office of the United States Trustee for the Southern District of New York (Attn: Susan Golden, Esq.), in each case so as **to be received no later than 4:00 p.m. on March 18, 2011 (Prevailing Eastern Time)** (the "Proposed Objection Deadline"). **If the Court does not grant the Debtor's request for the Proposed Objection Deadline, an objection deadline will be determined by the Court and notice of such revised objection deadline will be served by the Debtor on all necessary parties as described in the Motion.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, **the Debtor may, on or after the Proposed Objection Deadline,**

**submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard**.

Dated: March 7, 2011
New York, New York

By:     /s/ James A. Beldner
James A. Beldner

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
James A. Beldner
Lesley A. Kroupa

*Proposed Attorneys for Debtor and*
*Debtor in Possession*

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
James A. Beldner
Lesley A. Kroupa

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                                      :
In re                                                 :        Chapter 11
                                                      :
LEHR CONSTRUCTION CORP.,                              :
                                                      :        Case No. 11-10723 (SHL)
              Debtor.                                 :
                                                      :
                                                      :
------------------------------------------------------------- x
```

**DEBTOR'S APPLICATION FOR ORDER UNDER BANKRUPTCY**
**CODE SECTIONS 327(a) AND 328 AND BANKRUPTCY RULES 2014**
**AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF**
**COOLEY LLP AS ATTORNEYS FOR DEBTOR,**
**_NUNC PRO TUNC_ TO THE PETITION DATE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE SEAN H. LANE:

The debtor and debtor in possession in the above-captioned case (the "Debtor")[1]

hereby applies (the "Application") for entry of an order under sections 327(a) and 328 of title 11

of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

(the "Local Rules"), authorizing the employment and retention of Cooley LLP ("Cooley" or the

---

[1] The last four digits of the Debtor's federal tax identification number are 3507.

"Firm"), effective as of the Petition Date (as defined herein), under a general retainer as the Debtor's counsel. In support of the Application, the Debtor relies upon and incorporates by reference the *Declaration of James A. Beldner in Support of Debtor's Application for Order Under Bankruptcy Code Sections 327(a) and 328 and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Cooley LLP as Attorneys for Debtor Nunc Pro Tunc to the Petition Date* (the "Beldner Declaration"), attached hereto as **Exhibit A**. In further support of the Application, the Debtor respectfully represents:

## BACKGROUND

### General

1.      On February 21, 2011 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

### The Debtor's Businesses

2.      Lehr Construction Corp., a New York corporation, was founded in 1979 and has evolved from a small entrepreneurial business to one of the most respected builders in New York. Lehr specializes in interior construction and serves clients mainly throughout the New York metropolitan area. Lehr serves as construction manager and/or general contractor for its clients and Lehr's construction professionals work closely with their in-house estimating, purchasing, quality control and value engineering professionals to ensure projects are completed on schedule, within budget, and with impeccable quality.

2

3.     Lehr's projects range from minor renovations to interior office build-outs of over a million square feet.  Lehr's broad range of clients include retail stores, financial service firms, educational organizations, entertainment and media firms, and many others.

4.     The Debtor's headquarters is located in New York, New York and it has a warehouse facility in Woodhaven, New York.  The Debtor's primary assets include contract rights and accounts receivable for its on-going and completed projects

## JURISDICTION

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.     By this Application, the Debtor seeks to employ and retain Cooley as of the Petition Date to represent the Debtor as (i) its bankruptcy counsel in connection with this chapter 11 case, and (ii) to represent it in the investigation by the New York County District Attorney in an investigation of the interior construction industry.  Accordingly, the Debtor respectfully requests entry of an order under sections 327(a) and 328 of the Bankruptcy Code, in substantially the form attached hereto, authorizing the Debtor to employ and retain Cooley as its attorneys under a general retainer to perform the legal services that will be necessary during this case, as summarized herein and more fully described in the Beldner Declaration, attached hereto.

## BASIS FOR RELIEF

7.     For the past year, prior to the commencement of this case, the Debtor sought the services of Cooley with respect to the investigation noted above as well as, *inter alia*, advice regarding restructuring matters and, if necessary, preparation for the Debtor's chapter 11

case.  In this regard, Cooley has performed extensive legal work for the Debtor in connection with numerous services including the Debtor's financing and creditor issues.  As a result of representing the Debtor on such matters, Cooley has acquired extensive knowledge of the Debtor and its business and is familiar with the Debtor's capital structure, corporate structure, financing documents and other material agreements.

8.      The Debtor believes that continued representation by its prepetition counsel, Cooley, is critical to the Debtor's efforts to complete its outstanding construction obligations and conduct an orderly wind-down of its operations because Cooley is extremely familiar with the Debtor's business and legal and financial affairs and, accordingly, is well suited to guide the Debtor through the chapter 11 process and represent it in any future investigation. Furthermore, Cooley has vast experience and knowledge in the field of debtors and creditors rights under chapter 11 of the Bankruptcy Code.

9.      The Debtor desires to employ Cooley under a general retainer because of the extensive legal services that will be required in connection with the chapter 11 case and any future investigation of the interior construction industry.  As noted above, the Debtor believes Cooley is well qualified and uniquely able to act on the Debtor's behalf.

## SERVICES TO BE RENDERED

10.     The services of attorneys under a general retainer are necessary to enable the Debtor to execute faithfully its duties as debtor in possession.  Subject to further order of this Court, Cooley will be required to render various services to the Debtor including, among others, the following:

>   (a)     advising the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued management and operation of its business and properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

(c)     taking all necessary action to protect and preserve the Debtor's estate, throughout the orderly wind-down of the Debtor's operations including the prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

(d)     preparing, on behalf of the Debtor, motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e)     preparing and negotiating on the Debtor's behalf a wind-down plan and corresponding disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(f)     advising the Debtor in connection with any sale of assets;

(g)     performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with this chapter 11 case;

(h)     representation of the Debtor in the continuing investigation by the New York County District Attorney of the Debtor relative to a larger investigation of the interior construction industry;

(i)     appearing before this Court, any appellate courts, and the United States Trustee (the "U.S. Trustee") and protecting the interests of the Debtor's estate before such courts and the U.S. Trustee.

11.     It is necessary and essential that the Debtor, as debtor in possession, employ attorneys under a general retainer to render the foregoing professional services. Cooley has indicated a willingness to act on behalf of, and render such services to, the Debtor.

## DISINTERESTEDNESS OF COOLEY

12.     To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the accompanying Beldner Declaration, the members, counsel and associates of Cooley (a) do not have any connection with the Debtor or its affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person

employed in the office of the same, or any judge in the Bankruptcy Court or the United States District Court for the Southern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

13.     To the best of the Debtor's knowledge and except as set forth in the Beldner Declaration:

(a)     Neither Cooley nor any attorney at the Firm holds or represents an interest adverse to the Debtor's estate.

(b)     Neither Cooley nor any attorney at the Firm is or was a creditor or an insider of the Debtor, except that Cooley previously has rendered legal services to the Debtor for which it has been compensated as disclosed below.

(c)     Neither Cooley nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor.

(d)     Cooley does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

(e)     No attorney at Cooley is related to any United States District Judge or United States Bankruptcy Judge for the Southern District of New York or to the U.S. Trustee for such district or to any known employee in the office thereof.

14.     In view of the foregoing, the Debtor believes that Cooley is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

15.     Cooley has informed the Debtor that throughout this case, Cooley will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in this case and that it will promptly update this Application and disclose any material developments regarding the Debtor or any

other pertinent relationships that come to Cooley's attention by way of a supplemental Declaration.

## PROFESSIONAL COMPENSATION

16. Prior to the Petition Date, Cooley submitted invoices for professional fees and expenses to the Debtor for work performed on behalf of the Debtor. The Debtor rendered payment to Cooley in the year prior to the Petition Date in the approximate sum of $720,000 in advance of the services being rendered. As of the Petition Date, there remained $35,000 to be held by Cooley to pay fees and disbursements of Cooley which may remain unpaid during the course of this chapter 11 case.

17. The Debtor understands that Cooley hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and further orders of this Court for all services performed and expenses incurred after the Petition Date. The Debtor understands that Cooley will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services on a non-bankruptcy matter.

18. The hourly rates as set forth in the Beldner Declaration are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Cooley fairly for the work of its attorneys and legal assistants and to cover the fixed and routine overhead expenses. Consistent with the Firm's policy with respect to its other clients, Cooley will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among others, costs of telephone charges, photocopying (at a reduced

7

rate of $0.10 per page for black-and-white copies and a higher commensurate charge for color copies), travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

19.     Cooley has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this chapter 11 case.

20.     Other than as set forth in the Beldner Declaration, no arrangement is proposed between the Debtor and Cooley for compensation to be paid in this chapter 11 case.

21.     Except for sharing arrangements between Cooley and its respective members, Cooley has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

22.     The Debtor submits that the engagement and retention of Cooley on the terms and conditions set forth herein is necessary and in the best interests of the Debtor, its estate, and its creditors and should be approved.

**NOTICE**

23.     The Debtor has served notice of this Application on (i) the Office of the United States Trustee for the Southern District of New York, (ii) the entities listed on the Consolidated List of Creditors Holding the 40 Largest Unsecured Claims, and (iii) the parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to employ and retain Cooley, effective as of the Petition Date, under a general retainer as the Debtor's counsel, and (ii) granting such other and further relief as is just and proper.

Dated: March 7, 2011
        New York, New York

Respectfully submitted,

LEHR CONSTRUCTION CORP.

By: /s/Frederick Coffey
Name:  Frederick Coffey
Title:    President

**EXHIBIT A**

**BELDNER DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                        :

In re                          :         Chapter 11
                          :

LEHR CONSTRUCTION CORP.,      :
                          :         Case No. 11-10723 (SHL)

          Debtor.         :
                          :
                          :
                          :
------------------------------------------------------------- x

**DECLARATION OF JAMES A. BELDNER IN SUPPORT OF DEBTOR'S**
**APPLICATION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a) AND**
**328 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING EMPLOYMENT**
**AND RETENTION OF COOLEY LLP AS ATTORNEYS FOR DEBTOR**
***NUNC PRO TUNC* TO THE PETITION DATE**

        I, James A. Beldner, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

        1.      I am a member of the firm of Cooley LLP ("Cooley" or the "Firm"), which maintains an office for the practice of law at, among other locations, 1114 Avenue of the Americas, New York, NY 10036.  I submit this declaration and statement in support of the *Debtor's Application for Order Under Bankruptcy Code Sections 327(a) and 328 and Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Cooley LLP as Attorneys for Debtor Nunc Pro Tunc to the Petition Date* (the "Application")[1], filed by the debtor and debtor in possession in the above-captioned case (the "Debtor") contemporaneously

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Application.

herewith.  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto.[2]

## QUALIFICATION OF PROFESSIONALS

2.       I am a partner in Cooley's corporate restructuring practice and generally will be responsible for coordinating Cooley's representation of the Debtor in this case. I have extensive experience in representing debtors in chapter 11 cases, including In re Pacific Ethanol Holding Co. LLC., In re Coordinated Apparel Inc., In re Okura of America, Inc., In re Optel, Inc., and In re Metromedia Fiber Network, Inc., among others.

3.       I believe that Cooley is well qualified to represent the Debtor in this proceeding.  Indeed, Cooley attorneys have extensive experience in representing key constituents in sophisticated chapter 11 proceedings across the country such as:  Against All Odds in Newark, New Jersey; Blockbuster in New York, New York; Boscov's in Wilmington, Delaware; Bob's Stores in Wilmington, Delaware; Copelands' Enterprises, Inc. in Wilmington, Delaware; Elder Beerman in Dayton, Ohio; Federated Department Stores in Cincinnati, Ohio; Filene's Basement in Wilmington, Delaware; Florsheim in Chicago, Illinois; Gateway Apparel in St. Louis, MO; Hancock Fabrics in Wilmington, Delaware; Herman's Sporting Goods in Trenton, New Jersey; Lamont's Apparel in Seattle, Washington; Lenox Sales in New York, New York; Liberty House in Honolulu, Hawaii; Mervyn's in Wilmington, Delaware; Montgomery Ward in Wilmington, Delaware; Ritz Camera Centers in Wilmington, Delaware; Sportstown in Atlanta, Georgia; Stage Stores in Houston, Texas; Steve & Barry's in New York, New York; Today's Man in Wilmington, Delaware; and Weiners Stores in Wilmington, Delaware.  Accordingly, Cooley's

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Cooley and are based on information provided by them to me.

expertise is well established and known and should enable fees to be minimized in these proceedings.

4.     Prior to commencement of this chapter 11 case, the Debtor sought the services of Cooley with respect to, among other things, advice regarding restructuring matters, the investigation of the interior construction industry by the New York County District Attorney, and preparation for a possible filing of a chapter 11 case.  In this regard, Cooley has performed extensive legal work for the Debtor in connection with its financing and creditor issues.  As a result of representing the Debtor on such matters, Cooley has acquired extensive knowledge of the Debtor and its businesses and is familiar with the Debtor's capital structure, corporate structure, financing documents and other material agreements.

## SERVICES TO BE RENDERED

5.     The Debtor has requested that Cooley render various services to the Debtor including, among others, the following:

(a)     advising the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued management and operation of its business and properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

(c)     taking all necessary action to protect and preserve the Debtor's estate throughout the wind-down of Debtor's operations, including the prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

(d)     preparing, on behalf of the Debtor, motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e)     preparing and negotiating on the Debtor's behalf a wind-down plan and corresponding disclosure statement(s) and all related agreements and/or

documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(f)    advising the Debtor in connection with any sale of assets;

(g)    performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with this chapter 11 case;

(h)    representation of the Debtor in the continuing investigation by the District Attorney of the Debtor relative to a larger investigation of the interior construction industry; and

(i)    appearing before this Court, any appellate courts and the U.S. Trustee, and protecting the interests of the Debtor's estate before such courts and the U.S. Trustee.

6.    Subject to this Court's approval of the Application, Cooley is willing to serve as the Debtor's counsel and to perform the services described above.

## DISINTERESTEDNESS OF COOLEY

7.    To the best of my knowledge, the members, counsel and associates of Cooley (a) do not have any connection with the Debtor or its affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court or the United States District Court for the Southern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

8.    Cooley's conflict check system (the "Conflict Check System") is a computerized database of current and former clients and adverse and related parties that is regularly maintained and updated in the course of the Firm's business. These procedures are designed to include every matter on which the Firm is now or has been engaged, by which entity the Firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the Firm that is knowledgeable about the

matter. It is Cooley's policy that that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter. As a partner of the Firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

### Cooley's Connections With the Debtor and Other Related Parties

9. Except as otherwise set forth herein, the members and associates of Cooley (i) do not have any connection with the Debtor, the Debtor's creditors, or any other party in interest, or their respective attorneys and accountants except as disclosed herein, and (ii) pursuant to the Bankruptcy Code, do not represent any other entity having an adverse interest in connection with this chapter 11 case.

10. Cooley has represented, currently represents, and in the future likely will represent either certain creditors of the Debtor and other parties in interest with relationships to the Debtor in matters unrelated to the Debtor or the Debtor's case or such entities' claims against or interests in the Debtor. Prior to the commencement of this chapter 11 case, Cooley conducted a disclosure review with respect to the Debtor and the most significant parties in interest in the Debtor's case. With respect to all parties in interest whom Cooley currently represents or has represented, all matters are unrelated to the Debtor.

11.     Cooley has rendered services to current and former clients within the past

two (2) years described below, or their affiliates, in matters totally unrelated to the Debtor:

| Matched Entity | Relationship to Debtor | Relationship to Cooley |
|---|---|---|
| Capital One Bank | Creditor | Cooley currently represents Capital One Bank and certain of its affiliates in matters unrelated to this case. The aggregate revenues derived from such representation are minimal, and represent less than one-half of 1% of Cooley's revenue for the past two years. |
| CB Richard Ellis, Inc. | Client | Currently represented by Cooley in matters unrelated to this case. |
| Goldman Sachs Headquarters, LLC | Client | Cooley currently represents Goldman Sachs & Co. in matters unrelated to this case. |
| Google | Client | Currently represented by Cooley in matters unrelated to this case. The aggregate revenues derived from such representation represent less than one-half of 1% of Cooley's revenue for the past two years. |
| HSBC | Client | Cooley currently represents HSBC and certain of its affiliates in matters unrelated to this case. |
| Li-Fung USA | Client | Cooley does not currently represent Li-Fung USA; however, Cooley has formerly represented and currently represents unsecured creditor committees in various bankruptcy cases in which Li-fung USA is a member. Such representations are unrelated to this case. |
| Mitsubishi UFJ Securities Company | Client | Cooley currently represents a joint venture between Morgan Stanley & Co., Inc. and Mitsubishi UFJ Financial Group in matters unrelated to this case. |
| Moore Capital Management, LLC | Client | Cooley currently represents Steelpoint Capital Partners, LP, a subsidiary of Moore Capital Management, LLC, in matters unrelated to this case. |
| MTV Networks Planning & Design | Client | Cooley represents MTV Networks, Inc. in matters unrelated to this case. Cooley also represents Viacom Inc., MTV Networks' parent, in matters unrelated to this case. |
| NBA Properties, Inc. | Client | Cooley currently represents the National Basketball Association in matters unrelated to this case. |
| New York Law School | Client | Formerly represented by Cooley in matters unrelated to this case. |

1699154 v2/NY

| Matched Entity | Relationship to Debtor | Relationship to Cooley |
|---|---|---|
| Scripps Networks, Inc. | Client | Currently represented by Cooley in matters unrelated to this case. |
| Tishman Speyer | Client | Cooley formerly represented Tishman Speyer India Master Fund in matters unrelated to this case. |

12.     Cooley has not, does not, and will not represent any of the current clients or their respective affiliates or subsidiaries in the Debtor's chapter 11 case or in other matters directly adverse to the Debtor during the pendency of this chapter 11 case.

13.     Cooley's representation of the above entities will not affect the Firm's representation of the Debtor in this case.  Cooley does not represent the above entities in any matters adverse or related to the Debtor in the chapter 11 case.

14.     Cooley is one of the larger law firms in the country, employing approximately 650 lawyers and has a diverse client base.  Each of Cooley's clients is treated as a separate legal entity, and bills are prepared and sent on such basis.  Nevertheless, to make for as complete a disclosure as possible, for purposes of this declaration, when applicable, I will also identify the value of time billed to clients on an aggregate basis who have a connection with the Debtor.  During the twelve-month period ending February 28, 2011, no client set forth herein accounted for more than one percent of Cooley's total value of time billed to client matters during that period.

15.     Cooley continues to engage in further inquiry regarding the Debtor's constituencies and, if appropriate, will either promptly file a supplemental disclosure with the Court prior to the return date of this Application or as soon as the results of this inquiry are obtained.

16.     Except as otherwise set forth herein, to the best of my knowledge:

(a)     Neither Cooley nor any attorney at the Firm holds or represents an interest adverse to the Debtor's estate.

(b)     Neither Cooley nor any attorney at the Firm is or was a creditor or an insider of the Debtor, except that Cooley previously has rendered legal services to the Debtor for which it has been compensated as disclosed below.

(c)     Neither Cooley nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor.

(d)     Cooley does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor specified in the foregoing paragraphs, or for any other reason.

17.     In view of the foregoing, Cooley is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

18.     Prior to the Petition Date, Cooley submitted invoices for professional fees and expenses to the Debtor for work performed on behalf of the Debtor.  The Debtor rendered payment to Cooley in the year prior to the Petition Date in the approximate sum of $720,000 in advance of the services being rendered.  As of the Petition Date, there remained $35,000 to be held by Cooley to pay fees and disbursements of Cooley which may remain unpaid during the course of this chapter 11 case.

19. During the course of this chapter 11 case, Cooley will invoice the Debtor no less frequently than monthly for services rendered and charges and disbursements incurred. Such invoices will constitute a request for interim payments against the Firm's reasonable fees to be determined at the conclusion of the case.

20. For professional services, Cooley's fees are based in part on its standard hourly rates, which are periodically adjusted. Cooley will be providing professional services to the Debtors under its rate schedules and, therefore, Cooley will not be seeking to be separately compensated for certain staff and clerical personnel who also record time spent working on matters. The hourly rates charged by Cooley in connection with this matter are set forth in **Exhibit A** hereto. The hourly rates above are subject to periodic increases in the normal course of the Firm's business, often due to the increased experience of the particular professional.

21. The hourly rates as set forth in Exhibit A hereto are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Cooley fairly for the work of its attorneys and legal assistants and to cover the fixed and routine overhead expenses. Consistent with the Firm's policy with respect to its other clients, Cooley will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursement include, among others, costs of telephone charges, photocopying (at a reduced rate of $0.10 per page for black-and-white copies and a higher commensurate charge for color copies), travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

22. Cooley intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this chapter 11 case in

accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court. Cooley will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current standard rate charged for such services on a nonbankruptcy matter.

23. Cooley has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this chapter 11 case.

24. Other than as set forth herein, no arrangement is proposed between the Debtor and Cooley for compensation to be paid in this case.

25. Except for sharing arrangements among Cooley and its respective members, Cooley has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

26. Other than set forth above, as of the date of this Declaration, I am not aware of the existence of any claims, or potential claims, against any of the interested parties. Accordingly, the Firm has not obtained conflict waivers from any creditors of the Debtor or other interested parties that the Firm currently represents on matters unrelated to the Debtor or the chapter 11 case.

27. Cooley has instituted and is carrying on further inquiries of its partners and associates with respect to the matters contained herein. Cooley will file supplemental declarations regarding this retention if any additional relevant information comes to its attention.

Additionally, as a matter of retention and disclosure policy, Cooley will periodically review its past and present relationships with entities materially participating in this case from time to time and will file a supplemental disclosure affidavit, if warranted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of March 2011.

COOLEY LLP

By: /s/ James A. Beldner
        James A. Beldner, Esq.

1699154 v2/NY

## EXHIBIT A

## HOURLY RATES

| Attorney | Status | Hourly Rate |
|---|---|---|
| Lawrence C. Gottlieb | Partner | $955.00 |
| James A. Beldner | Partner | $850.00 |
| Alan Levine | Partner | $955.00 |
| William J. Schwartz | Partner | $925.00 |
| Lesley A. Kroupa | Associate | $525.00 |
| Rebecca Goldstein | Paralegal | $245.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------- x
                                                               :
In re                                                          :        Chapter 11
                                                               :
LEHR CONSTRUCTION CORP.,                                        :
                                                               :        Case No. 11-10723 (SHL)
            Debtor.                                             :
                                                               :        Re: _____
                                                               :
                                                               :
                                                               :
--------------------------------------------------------------- x
```

### ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF COOLEY LLP <u>AS ATTORNEYS FOR DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE</u>

Upon the application dated March 7, 2011 (the "<u>Application</u>")[1] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"),[2] for entry of an order under sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to employ and retain the law firm of Cooley LLP ("<u>Cooley</u>") under a general retainer as their attorneys; and the Court having reviewed the Application, the Declaration of James A. Beldner (the "<u>Beldner Declaration</u>"), a member of Cooley; and the Court being satisfied with the representations made in the Application and the Beldner Declaration that Cooley represents no interest adverse to the Debtor's estate, that it is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and in the best interests of the Debtor's estate, creditors, and other parties in interest; and it appearing that

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[2] The last four digits of the Debtor's federal tax identification number are 3507.

proper and adequate notice has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtor, as debtor and debtor in possession, is authorized to employ and retain Cooley as its attorneys under a general retainer as of the Petition Date to perform the services set forth in the Application; and it is further

ORDERED that Cooley shall be compensated as delineated in the Beldner Declaration and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that notice of the Application as provided herein shall be deemed good and sufficient notice of such Application.

Dated: _____ ___, 2011
      New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE