Todd M. Galante (TG-5532)
Jason C. DiBattista (JD-2859)
**LeClairRyan, A Professional Corporation**
830 Third Avenue
Fifth Floor
New York, New York 10022
Telephone: (212) 430-8020
Facsimile: (212) 430-8079

*Counsel for F&G Mechanical Corporation and
Meadowlands Fire Protection*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
: 
In re: :
: Chapter 11
LEHR CONSTRUCTION CORP., :
: Case No. 11-10723 (SHL)
Debtor. :
:
:
------------------------------------------------------------ x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF F&G MECHANCIAL
CORPORATION AND MEADOWLANDS FIRE PROTECTION TO DEBTOR'S
EMERGENCY MOTION FOR INTERIM AND FINAL (I) APPROVAL OF
POSTPETITION FINANCING, (II) AUTHORITY TO USE CASE COLLATERAL,
(III) GRANTING OF CERTAIN LIENS, (IV) GRANTING ADEQUATE
PROTECTION, AND (V) MODIFYING THE AUTOMATIC STAY**

F&G Mechanical Corporation ("F&G") and Meadowlands Fire Protection ("MFP"), by and through their undersigned counsel, hereby submit this limited objection (the "Limited Objection") to the motion of Lehr Construction Corporation (the "Debtor") for entry of interim and final (I) approval of post-petition financing, (II) authority to use cash collateral, (III) granting of certain liens, (IV) granting adequate protection, and (V) modifying the automatic stay (the

"DIP Financing Motion"). In support of the Limited Objection, F&G and MFP respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Chapter 11 case, the DIP Financing Motion and the Limited Objection pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G) and (O) and 1334. The DIP Financing Motion and the Limited Objection are core proceedings as defined in 28 U.S.C. § 157. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.    The Secaucus, New Jersey NBA Project**

2. The Debtor entered into an agreement with NBA Properties, Inc. (the "NBA"), in connection with a construction project located at 100 Plaza Drive, Secaucus, New Jersey 07094 (the "Project") being completed by the Debtor, as general contractor, for the NBA, the Project tenant (the "NBA Agreement").

3. The NBA Agreement requires that the NBA make certain periodic payments to the Debtor on account of construction and related costs in connection with the Project.

4. The Debtor, as general contractor, contracted with various sub-contractors to perform work in connection with the Project.

5. On or about December 16, 2010, the Debtor issued Purchase Order No. 155282 (the "F&G Purchase Order") to F&G in the amount of $1,463,000.00 in connection with the installation of certain heating, ventilation and air conditioning (HVAC) systems by F&G in connection with the Project.[1]

---

[1]    A copy of the F&G Purchase Order was attached as Exhibit A to the Motion to Compel (as defined below), filed with the Court on March 14, 2011.

6. F&G counter-executed the F&G Purchase Order as sub-contractor on or about January 28, 2011.

7. On or about December 16, 2010, the Debtor issued Purchase Order No. 155281 (the "MFP Purchase Order" and together with the F&G Purchase Order, the "Purchase Orders") to MFP in the amount of $486,000.00 in connection with the installation of certain fire prevention/protection systems by MFP in connection with the Project.[2]

8. MFP counter-executed the MFP Purchase Order as sub-contractor on or about February 1, 2011.

9. On or about February 18, 2011, F&G issued Invoice No. 6356 to the Debtor (the "F&G Invoice"), in the original contract amount of $1,463,000.00, and setting forth, among other things, the payment terms in connection therewith.[3]

10. On or about February 23, 2011, MFP issued Invoice No. 52969 to the Debtor (the "MFP Invoice" and together with the F&G Invoice, the "Invoices"), in the original contract amount of $486,000.00, and setting forth, among other things, the payment terms in connection therewith.[4]

11. F&G and MFP commenced work on the Project in or about late January, 2011, including but not limited to providing goods, materials and services in connection with the Project, as a sub-contractor, pursuant to the Purchase Orders and the Invoices.

**B.     The Chapter 11 Case**

12. On February 21, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), Case No.

---

[2]    A copy of the MFP Purchase Order was attached as Exhibit B to the Motion to Compel.

[3]    A copy of the F&G Invoice was attached as Exhibit C to the Motion to Compel.

[4]    A copy of the MFP Invoice was attached as Exhibit D to the Motion to Compel.

11-10723 (SHL) (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

13. To date, the Debtor has not made any payments to F&G and/or MFP on account of either pre-petition or post-petition amounts owed to F&G and MFP pursuant to the Purchase Orders and the Invoices.

14. On March 14, 2011, F&G and MFP filed its *Motion for Entry of an Order Pursuant to Sections 503(b)(1), 507(a), 365(d)(2) and 362(d)(1) of the Bankruptcy Code: (i) Compelling Allowance and Immediate Payment of Post-Petition Administrative Expense Claims Once Such Funds are Received by the Debtor from the NBA; and (ii) Compelling the Debtor to Assume or Reject Certain Executory Contracts or, in the Alternative, Modifying the Automatic Stay to Permit F&G and MFP to Terminate the Executory Contracts at Their Sole Discretion* (the "Motion to Compel").

15. The Motion to Compel was accompanied by a motion for an order shortening the time period for notice of the Motion to Compel. On March 16, 2011, the Court entered the order shortening time, and scheduled a hearing on the Motion to Compel for March 23, 2011 at 11:00 a.m.

16. At the urging of certain of its critical and essential sub-contractors, including F&G and MFP, on March 9, 2011, the Debtor filed its *Motion for Entry of an Order Authorizing Payment of Prepetition Critical Construction Vendor Claims and to Provide Adequate Assurance of Future Performance for Subcontractors and Materialmen Who Have Statutory Lien Rights* (the "Critical Vendor Motion"). A hearing on the Critical Vendor Motion is scheduled for March 23, 2011 at 11:00 a.m.

C. **The DIP Financing Motion**

17. On March 16, 2011, the Debtor filed the DIP Financing Motion, and set an emergency hearing regarding the same for March 18, 2011 at 10:00 a.m., with objections due by March 17, 2011 at 6:00 p.m. According to the DIP Financing Motion, the Debtor requests, among other relief sought, authorization from the Court to obtain post-petition financing up to the principal amount of $1 million (the "DIP Loan") from Gerald Lazar, an individual and chairman of the Debtor's board of directors, as lender ("Lazar"), pursuant to the terms of the DIP Financing Motion, the proposed DIP Order and that certain proposed DIP Note (collectively, the "DIP Agreement").

18. According to the DIP Motion, there are no fees payable to Lazar under the terms and conditions of the proposed post-petition financing. The financing is proposed to be subordinate to all obligations under the existing Prepetition Letter of Credit with Capital One, N.A., and all related obligations. As such, the proposed liens to be created under the DIP Loan are subordinate liens with respect to liens currently held by Capital One, N.A.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

19. While F&G and MFP are cognizant of the Debtor's alleged need for post-petition financing to satisfy certain of its liquidity concerns, some of the relief that the Debtor and Lazar are seeking with respect to the proposed DIP financing may go too far. As the Debtor is aware, F&G and MFP, as well as a slew of other subcontractors – none of whom have yet been paid anything on account of their pre- and post-petition work - have lien rights with respect to the goods, services and materials supplied to the Debtor in conjunction with the Project, both pre- and post-Petition Date. The monies that ultimately flow from the NBA to the Debtor are earmarked for payment to the Debtor's sub-contractors, including but not limited to, F&G and

MFP. To the best of F&G's and MFP's knowledge, those funds, which would be considered the Debtor's accounts receivable, are unencumbered.

20. The proposed DIP financing, however, if approved, may be construed to grant Lazar new liens and claims in those funds received by the Debtor from the NBA for payment to the sub-contractors, as such funds would likely be considered to be "Collateral" as defined in the DIP Agreement - which is inappropriate and inequitable. Respectfully, said funds should be kept completely unencumbered and kept available to immediately pay F&G, MFP and the other sub-contractors as the debts come due. Indeed, in the Critical Vendor Motion, the Debtor itself is seeking authority to segregate the funds its receives from the NBA for payment to such Critical Construction Vendors (as defined in the Critical Vendor Motion) into a separate bank account for the benefit of the Critical Construction Vendors that have lien rights pursuant to New Jersey law. Moreover, F&G and MFP have learned the Project may soon undertake a "joint check" system whereby the Debtor will receive the funds from the NBA, endorse the check, and forward it to the respective sub-contractor for co-endorsement and deposit/payment.

21. Thus, given the Debtor's clear intent to keep those funds it receives from NBA for payment to sub-contractors unencumbered, F&G and MFP respectfully request any DIP financing order entered in this Chapter 11 Case specifically carve-out the funds received by the Debtor from the NBA for payment to sub-contractors from the definition of "Collateral" in the DIP Agreement.

22. In addition, absent receipt of critical vendor status and the various protections associated therewith, F&G and MFP may, among other things, file mechanics' liens against the NBA and/or the owner of the property in conjunction with the Project. F&G and MFP expressly reserve any and all such rights to assert and pursue such liens and actions.

**WHEREFORE**, F&G and MFP respectfully request the entry of an order granting the Limited Objection to the extent set forth herein, and granting such other and further relief as the Court deems just and proper.

Dated: March 17, 2011

Respectfully submitted,

**LeClairRyan,**
A Professional Corporation

By: */s/ Jason C. DiBattista*
Jason C. DiBattista (JD-2859)
Todd M. Galante (TG-5532)
830 Third Avenue, Fifth Floor
New York, New York 7102
Telephone: (212) 430-8020
Facsimile: (212) 430-8079

*Counsel for F&G Mechanical Corporation and Meadowlands Fire Protection*