| | |
|---|---|
| JASPAN SCHLESINGER LLP<br>*Attorneys for Secured Creditor,*<br>*Capital One, N.A.*<br>300 Garden City Plaza<br>Garden City, New York 11530<br>(516) 393-8289<br>Frank C. Dell'Amore, Esq. | Return Date and Time:<br>March 18, 2011 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                      Chapter 11

LEHR CONSTRUCTION CORP.

                                                            Case No. 11-10723 (SHL)

                         Debtor.

------------------------------------------------------------X

**LIMITED OBJECTION TO THE DEBTOR'S EMERGENCY MOTION AND
MEMORANDUM OF LAW FOR INTERIM AND FINAL (I) APPROVAL OF
POSTPETITION FINANCING, (II) AUTHORITY TO USE CASH COLLATERAL, (III)
GRANTING OF CERTAIN LIENS, (IV) GRANTING ADEQUATE PROTECTION, AND
(V) MODIFYING AUTOMATIC STAY**

      Capital One, N.A., successor by merger to North Fork Bank (the "**Bank**"), by and through its counsel, Jaspan Schlesinger LLP, hereby objects to the Emergency Motion and Memorandum of Law for Interim and Final (I) Approval of Postpetition Financing, (II) Authority to Use Cash Collateral, (III) Granting of Certain Liens, (IV) Granting Adequate Protection, and (V) Modifying the Automatic Stay (the "**Motion**"), filed by Lehr Construction Corp. ("**Debtor**"), to the extent it seeks final authority to use the Bank's Cash Collateral. In response thereto, the Bank respectfully sets forth as follows:

### BACKGROUND

      1. On February 22, 2011(the "**Filing Date**"), the Debtor filed for protection under Chapter 11, Title 11 of the Bankruptcy Code, whereupon the Debtor was authorized to continue in the operation and control of its business and property as a debtor-in-possession pursuant to Sections

1107 and 1108 of the Bankruptcy Code.

2. On August 26, 2006, the Debtor executed a Security Agreement, granting the Bank a security interest in all property, then owned or thereafter acquired by the Debtor, including, without limitation, all goods, consumer foods, farm products, inventory, equipment, furniture, money, instruments, accounts, accounts receivable, contract rights, documents, chattel paper and general intangibles (collectively the "**Collateral**"), and all products and proceeds thereof ("**Security Agreement**"). The income generated by the Collateral is cash collateral ("**Cash Collateral**") within the meaning of the Bankruptcy Code.

3. The Security Agreement also secures, inter alia, any and all liabilities of the Debtor to the Bank, whether they were direct or indirect, absolute or contingent, present or future, due or to become due.

4. On September 1, 2006, the Bank duly perfected its security interest in the Collateral by filing a UCC Financing Statement with the New York Department of State, under filing number 200609015861205.

5. On May 5, 2010, the Bank issued a letter of credit in the amount of $5,000,000.00 for account of the Debtor and for the benefit of a third-party, NBA Properties, Inc. ("**NBA**"), which letter of credit was thereafter amended on December 17, 2010 to reduce the amount of credit available thereunder to $3,000,000.00 (the "**Letter of Credit**").

6. In connection with the Letter of Credit, the Debtor executed a Continuing Agreement for Irrevocable Standby Letters of Credit, in which the Debtor again granted the Bank a security interest in all of the Collateral.

7. Accordingly, Bank is a secured creditor of the Debtor and based on the undersigned's review of the New York State, Division of Corporations, State Records and Uniform Commercial

Code's website, no other creditor of the Debtor has a blanket security interest superior to that of the Bank's security interest.

8. As of the Filing Date, the Bank has a secured contingent claim against the Debtor in the amount of $3,000,000.00.

9. Indeed, at any time, the NBA has the irrevocable right to liquidate the Letter of Credit, requiring the Bank to pay the NBA as much as $3,000,000.00.

## **LIMITED OBJECTION**

10. The Bank objects to the Motion to the extent it seek final authority to use Cash Collateral over which the Bank holds an interest without providing adequate protection to the Bank.

11. The Bank respectfully requests, pursuant to 11 U.S.C. § 363(e), that this Court prohibit the Debtor's use of Cash Collateral or condition such use on the Debtor providing adequate protection to the Bank.

12. The Bank and the Debtor have been negotiating (and continue to negotiate) an agreement permitting the Debtor to use the Bank's Cash Collateral; however, to date, the parties have not been able to agree on the adequate protection to be given to the Bank in exchange for such use of Cash Collateral.

13. Specifically, the Debtor has offered to give the Bank replacement liens in all of the Collateral, including its post-petition receivables ("**Replacement Liens**").

14. The Replacement Liens do not constitute adequate protection for the Debtor's use of Cash Collateral because a significant unknown portion of the Debtor's post-petition receivables are subject to a trust funds for the benefit of a subcontractors, as well as for the payment of payroll taxes, unemployment taxes, employment benefits and insurance premiums, pursuant to New York Lien Law §70 *et seq*.

15. All such receivables subject to trust funds are not covered by the Replacement Liens.

16. The Debtor has been unable to articulate, with any degree of certainty, the total amount of its receivables which are not subject to trust funds.

17. Thus, without any certainty as to the amount of the post-petition receivables that would be available to the Bank, the Replacement Liens do not constitute adequate protection.

18. Additionally, the Debtor has offered to assign the Debtor's interest in a certain tax refund, which the Debtor believes will be in the amount of approximately $700,000.00, and will purportedly come due on or about July 31, 2011 (the "**Tax Refund**").

19. The Tax Refund does not constitute adequate protection because there is no assurance that the Debtor is entitled to same, nor is there any assurance that the Debtor will not make any changes to its returns that would diminish the amount of the Tax Refund.

20. In addition, even if the Debtor could guarantee its entitlement to the Tax Refund ($700,000.00), same does not offer sufficient protection to the Bank in the event the NBA liquidates the Letter of Credit in full, since the Bank would then be owed $3,000,000.00.

21. Moreover, according to the Debtor, the Tax Refund will not become due and owing until the close of the Debtor's fiscal year - July 31, 2011 – which obviously leaves the Bank without this protection for the next four (4) months.

22. Therefore, an assignment of the Tax Refund does not constitute adequate protection.

23. "The purpose of 'adequate protection' for a creditor 'is to insure that the creditor receives the value for which he bargained prebankruptcy.'" In re: Mosello, 195 B.R. 277, 288 (Bankr. S.D.N.Y. 1996) *citing* In re: Swedeland Development Group, Inc., 16 F.3d 552, 564 (3d Cir. 1994).

24. The Debtor has the burden of establishing that the Bank is adequately protected.

4

Swedeland, *supra*, 16 F.3d at 564

25. A finding of adequate protection should not be based on speculation; rather it "should be premised on facts, or on projections grounded on a firm evidentiary basis." Mosello, *supra* 195 B.R. at 292.

26. Plaintiff respectfully submits that the Replacement Liens and an assignment of the Tax Refund are speculative and not premised on facts or a firm evidentiary basis.

27. Therefore, the Debtor cannot establish that the Bank will be adequately protected if the Debtor is permitted to use the Bank's Cash Collateral.

**WHEREFORE,** the Bank respectfully requests that this Court prohibit the Debtor's use of Cash Collateral or condition such use on Debtor providing adequate protection to the Bank, together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      March 17, 2011

> JASPAN SCHLESINGER LLP
> *Attorneys for Capital One, N.A.*
>
> By: /s/ Frank C. Dell'Amore
>     Frank C. Dell'Amore, Esq.
>     300 Garden City Plaza
>     Garden City, New York 11530
>     (516) 393-8289

FCD/D747886v1/M057691/C0085670