COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
James A. Beldner
Lawrence C. Gottlieb
Lesley A. Kroupa

*Attorneys for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re                                                            :     Chapter 11
                                                                 :
LEHR CONSTRUCTION CORP.,                                         :
                                                                 :     Case No. 11-10723 (SHL)
                        Debtor.                                  :
                                                                 :
                                                                 :
                                                                 :
---------------------------------------------------------------- x

### NOTICE OF DEBTOR'S MOTION, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004 AND 9014, FOR AUTHORIZATION TO SELL AN ASSET OF THE DEBTOR, SUBJECT TO HIGHER OR OTHERWISE BETTER BIDS, FREE AND CLEAR OF <u>ALL LIENS, CLAIMS, AND ENCUMBRANCES</u>

**PLEASE TAKE NOTICE** that Lehr Construction Corp., the debtor and debtor-in-possession (the "<u>Debtor</u>"), has requested that a hearing on the above referenced motion (the "<u>Motion</u>") dated May 3, 2011 for entry of an order authorizing the Debtor to sell the Debtor's right, title, and interest in those certain unused hours available for aircraft use pursuant to the Marquis Jet Cards (as defined in the Motion) to Mr. Frederick Coffey, former President of the Debtor, subject to higher or otherwise better bids, free and clear of all liens, claims and encumbrances thereon, and certain related relief, all as more fully set forth in the Motion, be held

on shortened notice before the Honorable Sean H. Lane, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, on **May 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Proposed Hearing Date"). [1] **If the Court does not grant the Debtor's request for the Motion to be heard on the Proposed Hearing Date, a hearing date will be determined by the Court and notice of such hearing date will be served by the Debtor on all necessary parties as described in the Motion.**

**PLEASE TAKE FURTHER NOTICE** that the Debtor has also requested that any responses or objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system and (b) by all other parties in interest on a 3.5 inch disk, compact disc, or flash drive, preferably in WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers of the Honorable Sean H. Lane) and served upon: (i) the Debtor, Lehr Construction Corp., 902 Broadway, New York, NY 10010 (Attn: Todd Phillips); (ii) attorneys to the Debtor, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: James A. Beldner, Esq.); (iii) attorneys to the official committee of unsecured creditors, Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, NY 10018 (Attn: Sean C. Southard, Esq.); and (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Susan Golden, Esq.), in each case so as **to be received** no later than 4:00 p.m. on May 17,

---

[1] The courtroom number cannot be confirmed at this time. On the Proposed Hearing Date, please see the courtroom assignment to be posted outside of Judge Lane's chambers, Room 708.

**2011 (Prevailing Eastern Time)** (the "Proposed Objection Deadline"). **If the Court does not grant the Debtor's request for the Proposed Objection Deadline, an objection deadline will be determined by the Court and notice of such revised objection deadline will be served by the Debtor on all necessary parties as described in the Motion.**

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, **the Debtor may, on or after the Proposed Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard**.

Dated: May 3, 2011
New York, New York

By: /s/ James A. Beldner
James A. Beldner

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
James A. Beldner
Lawrence C. Gottlieb
Lesley A. Kroupa

*Attorneys for Debtor and
Debtor-in-Possession*

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
James A. Beldner
Lawrence C. Gottlieb
Lesley A. Kroupa

*Attorneys for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
**In re**                                                     :     **Chapter 11**
                                                              :
**LEHR CONSTRUCTION CORP.,**                                  :
                                                              :     **Case No. 11-10723 (SHL)**
                       **Debtor.**                            :
                                                              :
                                                              :
                                                              :
------------------------------------------------------------- x

**DEBTOR'S MOTION, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULES 2002, 6004 AND 9014, FOR AUTHORIZATION TO SELL**
**AN ASSET OF THE DEBTOR, SUBJECT TO HIGHER OR OTHERWISE BETTER**
**BIDS, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES**

        Lehr Construction Corp., the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), by and through its undersigned counsel, moves for entry of an order, pursuant to section 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing it to sell the Debtor's right, title, and interest in those certain unused hours available for aircraft use pursuant to the Marquis Jet Cards (as defined below) to Mr. Frederick Coffey, former President of the Debtor, subject to higher or otherwise better bids, free and clear of all liens, claims and encumbrances thereon. In support of the Motion, the Debtor respectfully states as follows:

# I.

## JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The predicates for the relief requested herein are section 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014.

# II.

## BACKGROUND

### A.     General Case Background

2.      On February 21, 2011 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 11, 2011, the Office of the United States Trustee for the Southern District of New York appointed the Official Committee of Unsecured Creditors (the "Committee").

4.      Since the Petition Date, the Debtor has remained in possession of its assets and continues to operate and manage its affairs as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

### B.     The Debtor's Business

5.      Lehr Construction Corp., a New York corporation, was founded in 1979 and has evolved from a small entrepreneurial business to one of the most respected builders in New York. Lehr specializes in interior construction and serves clients mainly throughout the New

York metropolitan area. Lehr serves as construction manager and/or general contractor for its clients and Lehr's construction professionals work closely with their in-house estimating, purchasing, quality control and value engineering professionals to ensure projects are completed on schedule, within budget, and with impeccable quality.

6.     Lehr's projects range from minor renovations to interior office build-outs over a million square feet. Lehr's broad range of clients include retail stores, financial service firms, educational organizations, entertainment and media firms, and many others.

7.     The Debtor's headquarters is located in New York, New York and it has a warehouse facility in Woodhaven, New York. The Debtor's primary assets include contract rights and accounts receivable for its on-going and completed projects

### C.     The Marquis Interest

8.     NetJets is an industry leader in fractional ownership programs and rental of private business jets. NetJets offers various  fractional ownership programs and lease programs for use of the aircraft in its fleet. One such program is the Marquis Jet Card. The Marquis Jet Card is sold by NetJets as a prepaid plan offering twenty-five (25) hours per year of occupied flight time.

9.     On or about February 2009, the Debtor purchased a Marquis Jet Card ("Jet Card One"). The current outstanding balance of unused flight time on Jet Card One is 1.5 hours. On or about February 2010, the Debtor purchased an additional Marquis Jet Card ("Jet Card Two," together with Jet Card One, the "Marquis Jet Cards"). The current outstanding balance of unused flight time on Jet Card Two is 25 hours, for a total outstanding balance of 26.5 hours (the "Marquis Interest").

10.     Mr. Coffey, subsequent to his resignation as President of the Debtor, recently contacted the Debtor and offered to purchase the Marquis Interest from the Debtor. After arms-

3

length good faith negotiations between the Debtor and Mr. Coffey, the parties agreed to a sale of the Marquis Interest upon the terms and conditions set forth in the purchase offer (the "Purchase Offer") attached hereto as **Exhibit A,** subject to higher or otherwise better offers at auction.

11.     Mr. Coffey's employment with the Debtor ceased as of April 28, 2011.

12.     The Committee fully supports the relief requested herein.

**D.      The Purchase Offer**

13.     The material terms of the Purchase Offer are as follows:[1]

*      **Purchase Price:** $150,000 (Cash)

*      **Deposit:** $15,000 (10% of Purchase Price).

### III.

### RELIEF REQUESTED

14.     By this Motion, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, the Debtor seeks authorization to sell the Marquis Interest to Mr. Coffey, subject to higher or otherwise better offers at auction, free and clear of all liens, claims and encumbrances thereon.

**A.      Bidding Procedures and Auction**

15.     In an effort to insure that the Debtor obtains the maximum value for the Marquis Interest, Mr. Coffey's purchase of the Marquis Interest is subject to higher or otherwise better offers.  **Any offers for the Marquis Interest must comply with the bidding procedures set forth below:**

*      **DUE DILIGENCE REQUESTS.**   Upon submission of a written request addressed to (i) counsel for the Debtor at jbeldner@cooley.com and (ii) counsel

---

[1]      To the extent there are any inconsistencies between the summary description of the Purchase Offer contained herein and the terms and conditions of the Purchase Offer, the terms of the Purchase Offer shall control.  Capitalized terms used but not defined in this summary shall have the meanings given to them in the Purchase Offer.

1717367 v3/NY

for the Committee at ssouthard@klestadt.com, stating that a party is interested in bidding for the Marquis Interest, such party may be granted access to all material information in connection with the Marquis Interest.

- **QUALIFIED BIDS.** All bids shall be in writing and made upon terms and conditions substantially similar or better to those contained in the Purchase Offer.

- The purchase price for the Marquis Interest must exceed the purchase price set forth in the Purchase Offer by no less than **$10,000.**

- All bidders must provide with their bid, evidence, satisfactory to the Debtor and the Committee, of the bidder's financial ability to perform its obligations under the Purchase Offer (as modified).

- The bid must <u>not</u> be conditioned on the outcome of unperformed due diligence by the bidder, the receipt of financing or any further bidding approval, including from any board of directors, shareholders or otherwise.

- Bids must be accompanied by a letter affirmatively setting forth (i) the identity of the bidder (including the authorized representative to attend the Auction), the contact information for such bidder (including email addresses), the identity of the bidder's counsel, and contact information for such bidder's counsel (including email addresses); and (ii) the bidder's acknowledgement that its bid shall be irrevocable until two (2) business days after the closing on the bid of the Successful Bidder.

- Unless such requirement is waived by the Debtor in writing, in its sole discretion, in order to participate in the Auction a qualified bidder must accompany its bid with a good faith deposit equal to **$15,000** in the form of a wire transfer or certified or cashier's check.

- **BID DEADLINE.** All competing bids must be submitted no later than **May 18, 2011 at 5:00 p.m. (prevailing Eastern Time)** to:

| Counsel for the Debtor: | Counsel for the Committee: |
|---|---|
| COOLEY LLP | KLESTADT & WINTERS, LLP |
| Attn: James A. Beldner | Attn: Sean Southard |
| jbeldner@cooley.com | ssouthard@klestadt.com |
| 1114 Avenue of the Americas | 570 Seventh Avenue, 17th Floor |
| New York, NY 10036 | New York, NY 10018-6314 |
| Fax: (212) 479-6275 | Fax: (212) 972-2245 |

- **AUCTION.** In the event conforming bids are received for the Marquis Interest, the Debtor shall conduct an auction for the Marquis Interest on **May 19, 2011 at 10 a.m. (prevailing Eastern Time)** (the "<u>Auction</u>") at the offices of Cooley LLP,

1717367 v3/NY

located at 1114 Avenue of the Americas, New York, NY 10036.  **QUALIFIED BIDDERS MAY APPEAR AT THE AUCTION TELEPHONICALLY. DIAL-IN INFORMATION SHALL BE DISTRIBUTED TO QUALIFIED BIDDERS PRIOR TO THE AUCTION.**

- At the Auction, qualifying bidders may submit successive higher bids in increments to be established by the Debtor and the Committee.

- At the conclusion of the Auction, the Debtor will determine, with the consent of the Committee, the highest or otherwise best bid (such a bid being submitted by the "Successful Bidder") and the second highest or otherwise best bid (such a bid being submitted by the "Back-Up Bidder"), following which the Debtor will make a recommendation to the Bankruptcy Court.

- If, for any reason, the Successful Bidder fails to consummate the purchase of the Marquis Interest, (i) the Back-Up Bidder will be deemed to have submitted the highest or otherwise best bid and (ii) the Debtor shall be authorized to effect the sale of the Marquis Interest to the Back-Up Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court.  If a failure to consummate the purchase is the result of a breach by the Successful Bidder, the Debtor specifically reserves the right to seek all available damages from the defaulting bidder.

- **RESERVATION OF RIGHTS.**  THE DEBTOR, WITH THE CONSENT OF THE COMMITTEE, RESERVES THE RIGHT TO (I) ADJOURN THE AUCTION WITH RESPECT TO THE MARQUIS INTEREST AT OR PRIOR TO THE AUCTION (II) MODIFY THE BIDDING PROCEDURES AT THE AUCTION OR (III) REMOVE THE MARQUIS INTEREST FROM THE AUCTION IF THE DEBTOR DETERMINES, UPON CONSENT OF THE COMMITTEE, THAT SUCH ACTION WILL MAXIMIZE VALUE TO ITS ESTATE.

16.    The Debtor believes that these bidding procedures provide an appropriate framework for selling the Marquis Interest in an orderly and timely fashion and will enable the Debtor and the Committee to review, analyze and compare any bids received to determine which bid is in the best interests of the Debtor's estate.

**B.    The Debtor's Sale of the Marquis Interest is an Appropriate Exercise of Sound Business Judgment and Should Be Approved**

17.    Under section 363 of the Bankruptcy Code, a debtor-in-possession may sell property of its estate outside of the ordinary course of its business, subject to the approval of the

court after notice and a hearing.  See 11 U.S.C. § 363(b)(1).  In the Second Circuit and elsewhere, it is well settled that a decision to sell assets outside the ordinary course of business, prior to confirmation of a plan, be based upon the sound business judgment of the debtor.  See, e.g., In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1992); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 772 F.2d 1063, 1071 (2d Cir. 1983); In re Adelphia Communications Corp., No. 02-41729 (REG) (Bankr. S.D.N.Y. July 31, 2002).  See also In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993), quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985) (the business judgment rule is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company, which has continued applicability in bankruptcy).

18.     The business judgment rule consists of a presumption "that in making a business decision[,] the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."  Official Comm. of Sub.  Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1990) (holding that the Delaware business judgment rule has "vitality by analogy" in chapter 11, especially where the debtor is a Delaware corporation) (quotations omitted).  Once a court is satisfied that there is a sound business justification for the proposed sale, the court must then determine whether (i) the debtor-in-possession has provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith.  In re Betty Owens Sch., 1997 U.S. Dist. Lexis 5877 (S.D.N.Y. 1997); accord In re Delaware and Hudson Ry. Co., 124 B.R. at 166; In re Decora Indus., Inc., Case No. 00-4459, 2002 WL 32332749 at *3 (Bankr. D. Del. May 20, 2002).

7

19.     Ample business justification exists in this case to approve the bidding procedures proposed herein and the sale of the Marquis Interest effectuated in accordance therewith.  The Debtor, with the assistance of its advisors and the Committee, has determined that (i) the Marquis Interest is not necessary to the Debtor's on-going business operations, and (ii) a sale of the Marquis Interest at this time is in the best interests of the Debtor's estate and creditors. Furthermore, the bidding procedures proposed herein will ensure that the Debtor receives the maximum value for the Marquis Interest. The Marquis Interest is not a readily marketable asset, nevertheless, Mr. Coffey, as well as other potential purchasers, have expressed interest in this asset, thus the Debtor seeks to maximize its proceeds by selling this asset as soon as possible to such interested parties.  Finally, if able to liquidate this asset, the Debtor will immediately have access to the proceeds of the sale, which will be used to fund the Debtor's continued operation during this chapter 11 case.

**C.      Sale of the Marquis Interest Free and Clear of Liens, Claims and Encumbrances is Appropriate**

20.     The Debtor further submits that it is appropriate that the Marquis Interest be sold free and clear of liens, claims and encumbrances, if any, pursuant to section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances, or interests to attach to the sale proceeds thereof.  Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)      such entity consents;
>
> (3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

21.     To facilitate the sale of the Marquis Interest, the Debtor seeks authorization to sell such receivable free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the net proceeds of such sale with the same rights and priorities therein.  Because section 363(f) is stated in the disjunctive, when selling property of the estate it is only necessary to meet one of the five conditions of that section.  11 U.S.C. § 363(f). See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (E.D. Pa. 1988) ("[Section 363(f)] is written in the disjunctive, not the conjunctive.  Therefore, if any of the five conditions of § 363(f) are met, the Trustee has the authority to conduct the sale free and clear of all liens.").

22.     With respect to any party asserting a lien, claim, or encumbrance against the assets, the Debtor anticipates that it will be able to satisfy one or more of the conditions set forth in section 363(f).

23.     The Debtor is a party to that certain Irrevocable Standby Letter of Credit Number 30002626 (the "Letter of Credit") from Capital One Bank (the "Prepetition Lender") for the benefit of NBA Properties Inc (the "NBA").  The Letter of Credit provides for a line of credit of up to an aggregate principal amount of $3,000,000.  The Letter of Credit expires on the earlier of (i) the completion of the Debtor's construction project for the NBA and (ii) November 30, 2011. As of the date hereof, no draws have been made on the Letter of Credit.  The Letter of Credit is secured by security interests in and liens on substantially all of the Debtor's assets (the "Collateral"), as evidenced by that certain UCC fixture filing recorded as Document ID

9

200609015861205 on September 1, 2006 that encumbers substantially all of the Debtor's property (the "Fixture Filing")

24.     The Debtor is also party to that certain postpetition financing agreement for up to the principal amount of $1 million (the "DIP Loan") from Gerald Lazar, as lender ("the "DIP Lender").  The DIP Loan is secured by liens on substantially all of the Debtor's assets, which are junior to the Prepetition Lender's liens on its Collateral.

25.     The Prepetition Lender and the DIP Lender have consented to the Debtor's sale of the Marquis Interest and the Debtor's use of such sale proceeds in connection with the operation of the Debtor's business operations.

**D.     Good Faith Purchaser**

26.     Section 363(m) of the Bankruptcy Code protects the sale of a debtor's property to a good faith purchaser.  Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  Section 363(m) "fosters the 'policy of not only affording finality to the judgment of the bankruptcy court, but particularly to give finality to those orders and judgments upon which third parties rely.'"  In re Chateaugay Corp., 1993 U.S. Dist. Lexis 6130, *9 (S.D.N.Y. 1993) (quoting In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 at 147).  See also Allstate Ins. Co. v. Hughes, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal"); In re Stein & Day, Inc., 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("pursuant to 11 U.S.C. § 363(m),

good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

27.     The terms and conditions of the sale of the Marquis Interest to Mr. Coffey were negotiated by the Debtor and the Committee at arms'-length and in good faith.  Accordingly, the Debtor requests the Court determine Mr. Coffey to be acting in good faith and entitled to the protections afforded to good faith purchasers under section 363(m) of the Bankruptcy Code.

**E.     Waiver of Stay Provision**

28.     The Debtor requests that this Court waive the 14-day stay of the sale order pursuant to Bankruptcy Rule 6004(h) so that it may promptly close on the sale of the Marquis Interest upon entry of an order granting this Motion.

**IV.**

**NOTICE**

29.     Notice of this Motion is being provided to: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Susan Golden, Esq.); (ii) Jaspan Schlesinger LLP (Attn: Frank C. Dell'Amore, Esq.) as counsel for the Prepetition Lender; (iii) Rosen & Associates LLP (Attn: Sanford Rosen), as counsel to the DIP Lender, (iv) Klestadt & Winters LLP, counsel to the Committee (Attn: Sean Southard, Esq.), (v) Marquis Jet Partners, Inc., (vi) NetJets Inc., and (vii) all parties that have timely filed requests for notice under Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

**V.**

**NO PREVIOUS REQUEST**

30.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE,** the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 3, 2011
      New York, New York

Respectfully Submitted,

By:    /s/James A. Beldner
       James A. Beldner

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
James A. Beldner (JB 7166)
Lawrence C. Gottlieb (LG 2565)
Lesley A. Kroupa (LK 2620)

*Attorneys for Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                            :
In re                                                       :        **Chapter 11**
                                                            :
**LEHR CONSTRUCTION CORP.,**                                :
                                                            :        **Case No. 11-10723 (SHL)**
              **Debtor.**                                   :
                                                            :
                                                            :        **Re: Docket No. ___**
                                                            :
------------------------------------------------------------- x

## ORDER, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 6004 AND 9014, AUTHORIZING THE SALE OF THE DEBTOR'S MARQUIS INTEREST, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Upon the motion, dated May 3, 2011 (the "<u>Motion</u>")[1] of Lehr Construction Corp., the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "<u>Debtor</u>"), pursuant to section 363 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for authorization to sell the Marquis Interest to Frederick Coffey ("<u>Mr. Coffey</u>"), subject to higher or otherwise better bids, free and clear of all liens, claims and encumbrances thereon, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other notice need be provided; and no other higher or otherwise better bids having been received by the Debtor; and a hearing on the Motion having been held before the

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to them in the Motion.

Court on May 20, 2011 (the "Hearing"); and upon the record of the Hearing; and such relief being in the best interest of the Debtor, its estate and creditors; and any objections to the Motion having been resolved, withdrawn or otherwise overruled by this Court; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Fair, reasonable and sufficient notice under the Bankruptcy Code and the Bankruptcy Rules of the proposed sale (the "Sale") of the Marquis Interest to Mr. Coffey has been given to the creditors and parties-in-interest.

D.      The notice provided of the Motion was adequate and sufficient under the circumstances, and any otherwise applicable requirement for notice is hereby waived and dispensed with.

E.      The Sale of the Marquis Interest pursuant to the terms of the Purchase Offer (the "Purchase Offer"), attached hereto as **Exhibit A**, is fair, reasonable and in the best interests of the Debtor, its estate and creditors.

F.      Mr. Coffey's offer to purchase the Marquis Interest being the highest or otherwise best offer to the Debtor for the Marquis Interest, approval of the Purchase Offer is in the best interests of the Debtor's estate.

1717367 v3/NY

G.     The record establishes that there are good, valid and sound business purposes for the sale of the Marquis Interest.

H.     The consideration to be paid under the Purchase Offer is fair and reasonable, and the Mr. Coffey's offer is the highest or otherwise best offer for the Marquis Interest.

I.     Each entity that claims any interest in the Marquis Interest, if any, has either consented to the Sale or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

J.     The Debtor is the owner of the Marquis Interest.

K.     The Sale of the Marquis Interest pursuant to the Purchase Offer has been conducted pursuant to a fair and equitable process.

L.     The Debtor and Mr. Coffey have at all times acted in good faith and in accordance with applicable law.  Mr. Coffey is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code.  The Sale of the Marquis Interest to Mr. Coffey pursuant to the Purchase Offer is a sale in good faith within the meaning of section 363(m) of the Bankruptcy Code, and Mr. Coffey is entitled to the protections of section 363(m).  Mr. Coffey has not violated section 365(n) of the Bankruptcy Code by any action or inaction, and there has been no evidence presented to this Court that the sale price was controlled by any agreement among potential bidders or that any activity prohibited by section 363(n) of the Bankruptcy Code has occurred.

M.     The Debtor has full authority and power to execute and deliver the Purchase Offer and related agreements and all other documents contemplated by the Purchase Offer, to perform its obligations thereunder, to consummate the transactions contemplated thereby and the execution, delivery and performance of the Purchase Offer and the documents to be executed and delivered by the Debtor pursuant thereto and the sale of the Marquis Interest, pursuant to the

Purchase Offer, has been duly and validly authorized by all necessary action. No other consents or approvals are necessary or required for the Debtor to enter into the Purchase Offer, perform its obligations thereunder and consummate the transactions contemplated thereby.

N.     The Debtor may sell the Marquis Interest free and clear of all liens, claims, encumbrances, and interests against it and its estate because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has or have been satisfied. Those holders of liens, claims, encumbrances, and interests against the Debtor, its estate or the Marquis Interest who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, encumbrances, and interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their liens, claims, encumbrances, and interests, if any, in each instance against the Debtor, its estate, or the Marquis Interest, attach to the cash proceeds of the Sale ultimately attributable to the Marquis Interest in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

**IT IS HEREBY**

**ORDERED,** that the Motion is GRANTED; and it is further

**ORDERED,** that the Debtor is authorized to enter into the Purchase Offer; and it is further

**ORDERED,** that pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to sell the Marquis Interest to Mr. Coffey for the consideration described in the Motion and pursuant to the Purchase Offer; and it is further

4

**ORDERED,** that pursuant to section 363(f) of the Bankruptcy Code, the sale of the Marquis Interest to Mr. Coffey shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Marquis Interest, as appropriate, subject to the rights and defenses of the Debtor and any party in interest with respect thereto; and it is further

**ORDERED,** that Mr. Coffey is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

**ORDERED,** that the Debtor is authorized to execute and deliver such deeds, assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

**ORDERED,** that notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof; and it is further

**ORDERED,** that the Court shall retain jurisdiction over the Debtor, Mr. Coffey, and all parties asserting liens and claims and contract rights on or in the Marquis Interest, to implement, interpret, consummate and/or effectuate the provisions of this Order, the Purchase Offer, and all agreements arising out of, related to, or approved pursuant to this Order.

Dated: New York, New York
_____ __, 2011

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

1717367 v3/NY

**EXHIBIT A**

**Purchase Offer of Frederick Coffey**

Frederick Coffey
7 Crest Acre Court
Summit, N.J . 07901

April 30. 2011

Cooley  LLP
1114 Avenue of the Americas
New York, NY  10036
Attn: James Beldner

Re: Marquis Jet
Card # 51156101958
Card # 51609801958

I would like to place a bid on the above referenced Marquis Jet Card with 26.5 total unused hours.  My bid is $150,000 and I have included a deposit check #1169 in the amount of $15,000.

Very Truly Yours,

Frederick Coffey