```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         : Chapter 11
In re                                                    :
                                                         :
LEHR CONSTRUCTION CORP.,                                 : Case No. 11-10723 (SHL)
                                                         :
                                                         :
                      Debtor.                            :
                                                         :
-------------------------------------------------------- x
```

# MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

TO:   THE HONORABLE SEAN H. LANE,
      UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of her duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby moves, and together herewith, files her memorandum of law in support of this motion for an order directing the appointment of a Chapter 11 trustee (the "Motion") pursuant to 11 U.S.C. § 1104(a)(2) and (e). In support, the United States Trustee represents and alleges as follows:

## INTRODUCTION

On May 4, 2011, a grand jury indicted four current senior executives of LEHR Construction Corp. (the "Debtor") on charges of enterprise corruption, grand larceny and money laundering in connection with an alleged scheme to defraud their construction clients of at least $30 million over the past decade (the "Indictment"). See New York County District Attorney Press Release dated May 4, 2011, attached as Exhibit A to the Affirmation Pursuant to Local Rule 9077-1(a) in Support of the Order to Show Cause. Because of the Indictment, the United States Trustee has reasonable grounds to suspect that current management engaged in fraud,

dishonesty and criminal conduct pursuant to Section 1104(e) of the Bankruptcy Code. The United States Trustee is not in possession of evidence leading to the Indictment and is not in a position to prove the allegations of the Indictment. A Chapter 11 trustee, however, should be appointed in the Court's discretion under Section 1104(a)(2) to protect the interests of the public and creditors.

## ARGUMENT

### The Court Should Order The Appointment of a Chapter 11 Trustee

Section 1104(a)(2) of the Bankruptcy Code provides:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor . . . .

11 U.S.C. § 1104(a)(2). Section 1104(e) of the Bankruptcy Code provides in pertinent part that:

the United States trustee shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive or chief financial officer, or members of the governing body who selected the debtor's chief executive or chief financial officer, participated in actual fraud, dishonesty or criminal conduct in the management of the debtor.

11 U.S.C. § 1104(e). The United States Trustee "must seek an order requiring appointment of a chapter 11 trustee whenever the 'reasonable grounds to suspect' standard is met." In re The 1031 Tax Group, LLC, 374 B.R. 78, 87 (Bankr. S.D.N.Y. 2007) (quoting Section 1104(e)). The "statutory requirement that the U.S. Trustee bring such a motion [under Section 1104(e)] does

not alter the standard for deciding whether to grant the motion. Rather, § 1104(a)(1) & (2), and the cases interpreting these subsections, continue to control whether a trustee should be appointed." 1031, 374 B.R. at 87. The United States Trustee has the burden of showing by clear and convincing evidence that the appointment of a trustee is warranted. In re Bayou Group, LLC, 2009 WL 1162421, at *4 (2d Cir. May 1, 2009); 1031, 374 B.R. at 85.

The United States Trustee has brought this Motion because there are "reasonable grounds to suspect" that four current senior members of the Debtor's management team participated in actual fraud, dishonesty or criminal conduct in the management of the Debtor. A grand jury has indicted them on charges of enterprise corruption, grand larceny and money laundering in connection with an alleged scheme to defraud their construction clients of at least $30 million over the past decade. An indictment establishes probable cause to believe that these defendants committed the offenses of which they are charged. See Rothstein v. Carriere, 373 F.3d 275 (2d Cir. 2004)(malicious prosecution case); Savino v. City of New York, 331 F.3d 63, 68 (2d Cir. 2003) (same). "Probable cause" constitutes "a probability or substantial chance of criminal activity," United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008), giving rise to this Office's conclusion that there are "reasonable grounds" to suspect criminal activity on the part of Debtor's management.[1]

Under Section 1104(a)(2), the Court may appoint a trustee if it is in the "interest of the creditors . . . and other interests of the estate." 11 U.S.C. § 1104(a)(2). The provision gives the court discretion to appoint a trustee when doing so would serve the parties' and estate's interests.

---

[1] Research has not disclosed any decisions defining "reasonable grounds to suspect" under Section 1104(e) in the context of an indictment of Debtor's management.

1031, 374 B.R. at 90. "'The twin goals of the standard for appointment of a trustee should be protection of the public interest and the interests of the creditors . . . and facilitation of a reorganization that will benefit both the creditors and the debtors . . . .'" Id. at 91 (court's emphasis and ellypses) (quoting In re Ionosphere Clubs, Inc., 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)). Courts have considered the following factors:

> "(i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects of the debtor's rehabilitation; (iii) the confidence -- or lack thereof -- of the business community and of the creditors in present management; and (iv) the benefits derived by the appointment of a trustee balanced against the cost of appointment."

1031, 374 B.R. at 91 (quoting Ionosphere, 113 B.R. at 168); see also In re Microwave Products of America, Inc., 102 B.R. at 675 (Bankr.W.D.Tenn.1989); In re Cardinal Indus. Inc., 109 B.R. 755, 767 (Bankr. S.D. Ohio 1990).

Here, the Debtor's Executive Vice President and Director, Executive Vice President for Operations, Finance Director, and Chief of Estimating and Cost Control have been indicted. As noted, the Indictment alleges, among other things, a scheme to defraud the Debtor's clients over the past decade. The United States Trustee does not possess evidence of the allegations of the Indictment and is not in a position to prove such allegations. The Indictment, however, raises serious issues which taint current management merely because the Indictment is pending. It appears, therefore, that the Indictment will hamper the Debtor's ability to finish jobs in progress, wind-down its operations and successfully collect account receivables. The appointment of an independent trustee to operate the Debtor's business under these circumstances is in the best interest of creditors and the Debtor itself to ensure that the Debtor's operations are being conducted in accordance with appropriate business standards.

With respect to the benefits of a Chapter 11 trustee balanced against the cost of appointment, redressing the concern that the Debtor be managed by an untainted fiduciary outweighs the cost of appointment of a Chapter 11 trustee.  See <u>In re Colorado-Ute Electrical Ass'n Iinc.</u>, 120 B.R. 164, 177 (Bankr. D. Col. 1990) (independent trustee would expend less on professional fees because his relationships with creditors and other parties would be less confrontational and litigious).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order directing the appointment of a Chapter 11 Trustee and grant such other relief as the Court deems just, fair and equitable.

Dated: New York, New York
       May 5, 2011

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE
REGION 2

**By:**   */s/ Susan D. Golden*
Susan D. Golden, Esq.
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York  10004
Tel. (212) 510-0500