```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :  Chapter 11
In re                                                    :
                                                         :
LEHR CONSTRUCTION CORP.,                                 :  Case No. 11-10723 (SHL)
                                                         :
                                                         :
                      Debtor.                            :
                                                         :
-------------------------------------------------------- x
```

## AFFIRMATION PURSUANT TO LOCAL RULE 9077-1(a) IN SUPPORT OF ORDER TO SHOW CAUSE

Susan D. Golden hereby affirms:

1. I am an attorney employed at the office of the United States Trustee, located at 33 Whitehall Street, New York, New York 10004.

2. I submit this affirmation in support of the Order To Show Cause for an order directing the appointment of a Chapter 11 Trustee and accompanying memorandum of law contemporaneously herewith.

3. On May 4, 2011, a grand jury indicted four current senior executives of the Debtor on charges of enterprise corruption, grand larceny and money laundering in connection with an alleged scheme to defraud their construction clients of at least $30 million over the past decade.  See New York County District Attorney Press Release dated May 4, 2011, attached hereto as Exhibit A.

4. As more fully set forth in the Motion and Memorandum of Law, the immediate relief requested herein is necessary because the executives of the Debtor should not be left in control of the estate.  Accordingly, this office requests that the Court schedule a hearing on the Motion.

5. I submit that, under these circumstances, it is appropriate to move by order to show cause rather than notice of motion.

6. No prior request for the relief requested has been made by the United States Trustee.

                                                      */s/ Susan D. Golden*  
                                                         Susan D. Golden

EXHIBIT A

New York County **District Attorney's Office**    District Attorney Cyrus R. Vance, Jr.

DISTRICT ATTORNEY - NEW YORK COUNTY

**FOR IMMEDIATE RELEASE**  
May 4, 2011

**CONTACT: Erin Duggan**  
212-335-9400

**DISTRICT ATTORNEY VANCE ANNOUNCES INDICTMENT OF LEHR CONSTRUCTION AND KEY EXECUTIVES IN MULTIMILLION-DOLLAR FRAUD**

*Enterprise Corruption Scheme Involved Inflating Invoices, Secret Deals with Subcontractors*

*Estimated $30 Million Stolen from Clients*

Manhattan District Attorney Cyrus R. Vance, Jr., today announced the indictment of LEHR CONSTRUCTION CORP. (LEHR), a Manhattan-based construction company, and four of its executives for a scheme that defrauded their construction management clients of at least $30 million over the past decade. The company and its executives - Executive Vice-President and Director JEFFREY LAZAR, Executive Vice-President in charge of Operations TODD PHILLIPS, Finance Director STEVEN HALPER, and Chief of Estimating Department and Cost Control STEVEN WASSERMAN - are charged with Enterprise Corruption, Scheme to Defraud, and Grand Larceny. In addition, LEHR and HALPER are charged with Money Laundering.[1]

LEHR is a Manhattan-based construction company paid by its clients to oversee interior renovation construction projects, acting in the capacity of either a general contractor ("GC") - in which case it was paid a flat "lump sum" fee - or as a construction manager ("CM"), where it was paid a percentage of construction costs.

"This construction company was corrupt at all levels," said District Attorney Vance. "Its executives developed - and successfully executed - a scheme to steal millions of dollars from their clients. Simply put, they used an over-invoicing scheme to steal from their construction management clients, and then used general contractor jobs to recover the stolen funds. Sadly, greed and corruption impose a hidden, billion-dollar-a-year tax on New York City's construction industry. This Office and its Rackets Bureau will continue to pursue aggressive investigations to make sure that honest businesses can compete in this vital industry."

According to documents filed in court, between 1998 and 2010, LEHR systematically stole money from its CM clients throughout Manhattan. These thefts were recently made possible through a business model created by LEHR executives that shifted costs from LEHR's GC projects to its CM projects. In essence, LEHR had its subcontractors overcharge the CM clients on jobs where it was paid a percentage and, in return, agree to perform work for less money on the GC "lump sum" projects. This cost shifting maximized LEHR's profits on the GC work because subcontractors performed the work for less than its true worth, without affecting LEHR's profit on CM projects because the client, not LEHR, ultimately paid the inflated costs of the subcontractors.

As detailed in court documents, LEHR executives created a document known as the "Bid Package," which required that every subcontractor who submitted a bid to LEHR on a CM project inflate its bid by including a series of suspect labor "contingencies." These "contingencies" added anywhere from 10 to 13 percent to the true bid submitted by the subcontractor. After a subcontractor was chosen by the client in consultation with LEHR, that subcontractor would negotiate directly with LEHR and agree upon a reduced actual price for the subcontractor's work on the project. LEHR and the subcontractor would further agree upon an inflated purchase order price that would be submitted by LEHR to the CM client. The difference between the inflated purchase order price and the actual negotiated price for the subcontractor's work constitutes the majority of the money being stolen from the CM client. This process would be repeated with most of the subcontractors working on the project, and subcontractors would "hold" the profits from the inflated bills for Lehr.

LEHR would later recover these stolen monies through several methods, including having subcontractors perform work on GC projects at the reduced rate, thereby increasing Lehr's profits, or having the subcontractor perform extra work on a particular project at no cost.

According to documents filed in court, the entire corporate structure of LEHR was involved in this corrupt scheme to one degree or another. Responsibility for the day-to-day operations of the company were equally divided between JEFFREY LAZAR and TODD PHILLIPS. LAZAR primarily supervised the Sales, Estimating, Cost Control and Purchasing Departments, and PHILLIPS supervised those departments involved in construction and finance. The Estimating Department (overseen by STEVEN WASSERMAN) and the Project/Account Executives (overseen by PHILLIPS) decided how much money each "Bid Package" was to be worth. The Purchasing Department negotiated with the various subcontractors to determine how much the purchase orders to the client would be inflated. Finance Director STEVEN HALPER, through the Accounting Department, recovered significant amounts of unused "Bid Package" money from various subcontractors. The Cost Control and Construction Departments utilized monies "held" by subcontractors in order to reduce the costs of subsequent unrelated projects (both GC and CM). At each step of the process, LEHR put into a place the tools and the instruction needed to commit these crimes. As detailed in court, a conservative estimate is that over the past 10 years, LEHR has defrauded its clients of more than $30 million.

The investigation was a joint endeavor between the Manhattan District Attorney's Rackets Bureau and a detail of the Special Investigations Unit of the New York State Police (NYSP) assigned to the Bureau. The indictment announced today is the result of ongoing investigations by the District Attorney's Office into fraud and corruption in the New York City construction industry.

Over the past 10 years, the Manhattan District Attorney's Office has obtained convictions and guilty pleas from scores of individuals, including some of the largest general contractors in New York City, for kickbacks and bid-rigging schemes, and recovered more than $40 million through those prosecutions.

District Attorney Vance thanked the New York State Police for its assistance in the investigation, including Superintendent Joseph D'Amico, Special Investigation Unit Major Matthew S. Renneman, Lieutenant George Nohai, and lead Investigator Gary Titus, who was supervised by Senior Investigator Gustav Talleur.

Assistant District Attorney Christopher Beard, Senior Investigative Counsel, and Assistant District Attorney Aaron Sato, assigned to the Rackets Bureau, are handling the prosecution of the case under the supervision of Assistant District Attorney Michael Scotto, Chief of the Rackets Bureau and Deputy Chief of the Investigations Division, and Assistant District Attorney Brenda Fischer, Chief of the Labor Investigations and Construction Fraud Unit. Trial Preparation Assistant Dan Murphy assisted with the case.

Defendant Information:

LEHR CONSTRUCTION CORPORATION  
New York, NY

Charges:

- Enterprise Corruption, class B felony, 1 count
- Scheme to Defraud in the First Degree, class C felony, 1 count
- Money Laundering in the Second Degree, class C felony, 2 counts
- Grand Larceny in the Second Degree, class C felony, 8 counts
- Grand Larceny in the Third Degree, class D felony, 2 counts

- Grand Larceny in the Fourth Degree, class E felony, 1 count

**STEVEN HALPER, D.O.B. 6/30/43**
Franklin Lakes, NJ

Charges:

- Enterprise Corruption, class B felony, 1 count
- Scheme to Defraud in the First Degree, class C felony, 1 count
- Money Laundering in the Second Degree, class C felony, 2 counts
- Grand Larceny in the Second Degree, class C felony, 8 counts
- Grand Larceny in the Third Degree, class D felony, 2 counts
- Grand Larceny in the Fourth Degree, class E felony, 1 count

**JEFFREY LAZAR, D.O.B. 3/3/68**
New York, NY

Charges:

- Enterprise Corruption, class B felony, 1 count
- Scheme to Defraud in the First Degree, class C felony, 1 count
- Grand Larceny in the Second Degree, class C felony, 8 counts
- Grand Larceny in the Third Degree, class D felony, 2 counts
- Grand Larceny in the Fourth Degree, class E felony, 1 count

**TODD PHILLIPS, D.O.B. 6/7/58**
New York, NY

Charges:

- Enterprise Corruption, class B felony, 1 count
- Scheme to Defraud in the First Degree, class C felony, 1 count
- Grand Larceny in the Second Degree, class C felony, 8 counts
- Grand Larceny in the Third Degree, class D felony, 2 counts
- Grand Larceny in the Fourth Degree, class E felony, 1 count

**STEVEN WASSERMAN, D.O.B. 7/14/52**
Freeport, NY

Charges:

- Enterprise Corruption, class B felony, 1 count
- Scheme to Defraud in the First Degree, class C felony, 1 count
- Grand Larceny in the Second Degree, class C felony, 8 counts
- Grand Larceny in the Third Degree, class D felony, 2 counts
- Grand Larceny in the Fourth Degree, class E felony, 1 count

A class B felony is punishable by up to 25 years in prison, a class C felony is punishable by up to 15 years in prison, a class D felony is punishable by up to 7 years in prison, and a class E felony is punishable by up to 4 years in prison.

###

Additional news available at: www.manhattanda.org

Follow us at twitter.com/ManhattanDA

New York County District Attorney | duggane@dany.nyc.gov | 212-335-9400

[1] The charges contained in the indictments are merely allegations, and the defendants are presumed innocent unless and until proven guilty.