UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                      :
In re                                                                :        Chapter 11
                      :
LEHR CONSTRUCTION CORP.,                    :        Case No. 11-10723 (SHL)
                      :
               Debtor.                  :
                      :
-----------------------------------------------------------------x

**ORDER, PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2002, 6004 AND 9014, AUTHORIZING THE
SALE OF THE DEBTOR'S MARQUIS INTEREST, FREE AND CLEAR
OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Upon the motion, dated May 3, 2011 (the "Motion")[1] of Lehr Construction Corp., the debtor and in the above-captioned bankruptcy case (the "Debtor"), pursuant to section 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to sell the Marquis Interest to Frederick Coffey ("Mr. Coffey"), subject to higher or otherwise better bids, free and clear of all liens, claims and encumbrances thereon, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other notice need be provided; and no other higher or otherwise better bids having been received for the Marquis Interest; and a hearing on the Motion having been held before the Court on May 20, 2011 (the "Hearing"); and upon the record of the Hearing; and such relief appearing to be in the best interest of the Debtor, its estate and creditors; and no objection having been presented by any

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to them in the Motion.

party, including the recently appointed chapter 11 trustee in this case; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:**

A. The Debtor's estate is the owner of the Marquis Interest.

B. The record establishes that there are good, valid and sound business purposes for the sale (the "Sale") of the Marquis Interest.

C. The Sale of the Marquis Interest pursuant to the terms of the Purchase Offer (the "Purchase Offer"), attached hereto as **Exhibit A**, is fair, reasonable and in the best interests of the Debtor, its estate and creditors.

D. Mr. Coffey's offer to purchase the Marquis Interest being the highest or otherwise best offer for the Marquis Interest, approval of the Purchase Offer is in the best interests of the Debtor's estate.

E. Each entity that claims any interest in the Marquis Interest has either consented to the Sale or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

F. The Sale of the Marquis Interest pursuant to the Purchase Offer has been conducted pursuant to a fair and equitable process.

G. The Debtor, Jonathan L. Flaxer, Esq., the chapter 11 trustee for the Debtor's estate (the "Trustee"), and Mr. Coffey have at all times acted in good faith and in accordance with applicable law. Mr. Coffey is acting in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Sale of the Marquis Interest to Mr. Coffey pursuant to the Purchase Offer is a sale in good faith within the meaning of section 363(m) of the Bankruptcy Code, and Mr. Coffey is entitled to the protections of section 363(m). Mr. Coffey has not violated section

363(n) of the Bankruptcy Code by any action or inaction, and there has been no evidence presented to this Court that the sale price was controlled by any agreement among potential bidders or that any activity prohibited by section 363(n) of the Bankruptcy Code has occurred.

H. The Trustee, on behalf of the Debtor's estate, has full authority and power to execute and deliver the Purchase Offer and related agreements and all other documents contemplated by the Purchase Offer, to perform its obligations thereunder, to consummate the transactions contemplated thereby and the execution, delivery and performance of the Purchase Offer and the documents to be executed and delivered by the Debtor pursuant thereto and the sale of the Marquis Interest, pursuant to the Purchase Offer, has been duly and validly authorized by all necessary action. No other consents or approvals are necessary or required for the Debtor to enter into the Purchase Offer, perform its obligations thereunder and consummate the transactions contemplated thereby.

I. The Trustee, on behalf of the Debtors' estate, may sell the Marquis Interest free and clear of all liens, claims, encumbrances, and interests against it and its estate because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has or have been satisfied. Those holders of liens, claims, encumbrances, and interests against the Debtor, its estate or the Marquis Interest who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of liens, claims, encumbrances, and interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their liens, claims, encumbrances, and interests, if any, in each instance against the Debtor, its estate, or the Marquis Interest, attach to the cash proceeds of the Sale ultimately attributable to the Marquis Interest in which such creditor alleges an interest, in the same order of priority, with the

3

same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

**IT IS HEREBY**

**ORDERED,** that the Motion is GRANTED to the extent set forth herein; and it is further

**ORDERED,** that the Trustee, on behalf of the Debtor's estate, is authorized to enter into the Purchase Offer; and it is further

**ORDERED,** that pursuant to section 363(b) of the Bankruptcy Code, the Trustee, on behalf of the Debtor's estate, is authorized to sell the Marquis Interest to Mr. Coffey for the consideration described in the Motion and pursuant to the Purchase Offer; and it is further

**ORDERED,** that pursuant to section 363(f) of the Bankruptcy Code, the sale of the Marquis Interest to Mr. Coffey shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on the Marquis Interest, as appropriate, subject to the rights and defenses of the Debtor, the Trustee, and any party in interest with respect thereto; and it is further

**ORDERED,** that Mr. Coffey is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code; and it is further

**ORDERED,** that the Trustee, on behalf of the Debtor's estate, is authorized to execute and deliver such deeds, assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale; and it is further

**ORDERED,** that notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof; and it is further

**ORDERED,** that the Court shall retain jurisdiction over the Trustee, Debtor, Mr. Coffey, and all parties asserting liens and claims and contract rights on or in the Marquis Interest, to implement, interpret, consummate and/or effectuate the provisions of this Order, the Purchase Offer, and all agreements arising out of, related to, or approved pursuant to this Order.

Dated: New York, New York
     **May 20, 2011**

                                                ***/s/ Sean H. Lane***
                                                THE HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Purchase Offer of Frederick Coffey**

Frederick Coffey
7 Crest Acre Court
Summit, N.J. 07901

April 30. 2011

Cooley LLP
1114 Avenue of the Americas
New York, NY 10036
Attn: James Beldner

Re: Marquis Jet
Card # 51156101958
Card # 51609801958

I would like to place a bid on the above referenced Marquis Jet Card with 26.5 total unused hours. My bid is $150,000 and I have included a deposit check #1169 in the amount of $15,000.

Very Truly Yours,

Frederick Coffey